SMITH *vs.* SINGLETON, HUNT & COMPANY.

1. One who makes a contract for the purchase of land with a person assuming to act as agent of the owner, and subject to the approval and ratification of this latter, and who goes into possession under the contract, which is never ratified by the owner, is a tenant at sufferance, and is subject to be dispossessed by the statutory process against a tenant holding over, after possession has been demanded and refused.

2. There was evidence to justify the jury in finding that the land in controversy was redeemed by the owner after the tax sale thereof. All the issues pertaining to this question were properly submitted to the jury, and it is unnecessary to determine whether the defendant, as tenant, had a right to purchase and have a conveyance made to him under the tax sale.

3. A tenant at sufferance, after demand made and refusal to deliver possession, is liable for rent like any other tenant holding over ; and where the execution of a warrant for his removal is arrested by counter-affidavit, and the issue thus formed is found against him, he is liable for double rent.

October 2, 1883.

Landlord and Tenant.    Contracts.    Actions.    Rent, Before Judge FORT.    Sumter Superior Court.    April Adjourned Term, 1883.

Singleton, Hunt & Company proceeded to dispossess Smith, as a tenant at sufferance.    He filed a counter-affidavit.    On the trial, the evidence showed, in brief, as follows : One Calloway, a real estate agent, assuming to act for Singleton, Hunt & Company, sold to Smith certain land, subject to ratification by the principals. They never ratified the trade, but subsequently demanded possession, and upon it being refused, sued out this warrant.    Prior to this, the land was sold for taxes and bid in by Smith.

The evidence was directly conflicting as to whether there had been a redemption after the tax sale or not. The jury found for plaintiffs the land, with $5.00 per month rent from the date of demand for possession. Defendant moved for a new trial on numerous grounds, which need not be set out in detail; it was overruled, and he excepted. Three questions were made by the assignments of error:

(1.) Whether, under the facts stated above, Smith was a tenant at sufferance and subject to be dispossessed as such.

(2.) Whether he could purchase at the sheriff's sale, and what was the effect of such purchase.

(3.) Whether he was liable for double rent.

W. C. Simmons; C. F. Crisp; Hawkins & Hawkins, for plaintiff in error.

Guerry & Sons, for defendant.

Hall, Justice.

The material question made by this record, precisely stated, is whether one who makes a contract for the purchase of land, with a person assuming to act as agent of the owner, and subject to the approval and ratification of the latter, and who goes into possession under this contract, which is never ratified by the owner, is a tenant at sufferance, and subject to be turned out of possession by the statutory process against a tenant holding over, after possession has been demanded and refused.

1. That the defendant in the warrant did not enter upon the premises as a wrong-doer, is evident. He went there with the consent of the plaintiff's agent, who had authority to take care of and manage the same, and perhaps to rent them out. He did not go there under a contract of rent, but under an agreement to purchase, if the agreement was ratified by the owner. Although he remained there several years, he did so at the will and sufferance of the proprie-

tor, who, though apprised of the circumstances, never rat-
ified the contract made with the party acting as his agent
for the specified purposes above set forth, but who had no
authority to sell, and who, in fact, claimed none. The
transaction amounted to nothing more than an offer to
purchase, which was never accepted. There was no con-
tract of sale, the performance of which could have been
enforced, either at law or in equity. No rent was asked
or charged until the owners demanded possession, and the
defendant refused to deliver it. According to Blackstone,
2 Comm., 150, " an estate at sufferance is where one
comes into possession of land by lawful title, but keeps it
afterwards without any title at all." The same definition
was recognized and acted upon by this court, in *Godfrey
et al. vs. Walker et al.*, 42 *Ga.*, 562, 575, and under cir-
cumstances very similar to those in this case; indeed, in
all material respects, the two cases are so much alike that,
on principle, it seems impossible to distinguish them. This
case is clearly distinguishable from *Brown vs. Persons*, 48
*Ga.*, 60. There the party was in possession under a per-
fected contract of purchase, and had a bond to make him
titles, upon the payment of the purchase money. His
failure to pay the purchase money when it fell due did not
convert him from a vendee into a tenant. What he con-
tracted for was the entire fee, and, until dispossessed, he
had a perfect right to redeem by complying with the terms
of his contract; even after suit brought, and before judg-
ment, he could thus prevent an ouster.

2. It is not necessary to determine whether, as tenant
the defendant had a right to purchase and have conveyed
to him the land he occupied, at the sale of the same for
taxes. It is evident that there was evidence enough to
justify the jury in finding that this land was redeemed by
the owner. All the issues pertaining to this question were
submitted to the jury, under proper instructions from the
court.

3. A tenant at sufferance, after demand made and re-

fusal to deliver possession, is liable for rent, (Right, ex dem. Lewis et al. vs. Beard, 13 East, 210 ; S. C., 7 Id., new ed., 115 ; Jackson, ex dem. Livingston vs. Niven, 10 Johns. R., 335), like any other tenant holding over, and where the execution of a warrant for his removal is arrested by a counter-affidavit, and the issue thus formed is found against him, he is liable for double rent, and this was the extent of the finding by the jury in this case. Code, §§2282, 2285, 4077 to 4081 both inclusive.

Judgment affirmed.