## CRAWFORD *v.* CRAWFORD, administratrix.

1. Where a demurrer is directed to certain defects in pleading, which are curable by amendment, and an amendment is allowed, and the demurrer renewed to the pleading as amended, the merits of the demurrer can not be determined without a consideration of the amendment. And where the amendment is specified in the bill of exceptions, and the clerk certifies that it is not in his office and a transcript of it can not be sent to this court, the merits of the demurrer can not be considered.

2. The court did not abuse its discretion in refusing to continue the case because of the allowance of an amendment to the pleading.

3. The issue made by the filing of a counter-affidavit to a summary proceeding to eject a tenant is tenancy or no tenancy. Though the counter-affidavit be amendable by averring germane matters, it is not amendable by setting up that a contract under which the plaintiff claims to derive title from the defendant is void and should be canceled.

4. Under the special facts of this case, the status of the defendant with reference to the plaintiff was that of a tenant at sufferance.

5. A dispossessory warrant was directed to any lawful constable, and executed by a deputy sheriff by giving notice to the tenant, who filed the statutory counter-affidavit. The filing of the counter-affidavit converted the warrant into mesne process, and an omission to direct the warrant also to the sheriff and his deputies furnished no ground for dismissal of the proceeding.

6. A motion to reopen a case to avoid a nonsuit by letting in more evidence is in the sound discretion of the court.

7. The various rulings complained of were without substantial error. The evidence demanded a verdict that the defendant was a tenant at sufferance and subject to eviction. The plaintiff did not claim any rent. It was therefore not erroneous to direct a verdict for the plaintiff, directing the issuance of a writ of possession of the premises.

FEBRUARY 11, 1913.

Eviction. Before Judge Bell. Fulton superior court. December 4, 1911.

*J. S. James* and *Scott & Davis,* for plaintiff in error.

*Reuben R. Arnold,* contra.

EVANS, P. J. Mrs. M. B. Crawford, as administratrix of J. B. Crawford, sued out a dispossessory warrant to oust C. Z. Crawford as a tenant in possession of certain premises. The defendant filed a counter-affidavit as provided in the statute, and the papers were returned to the superior court for trial.

1. The defendant demurred to the sufficiency of the affidavit on which the warrant issued. Thereupon the plaintiff offered an amendment, which was allowed. The demurrer was renewed to the affidavit as amended, and overruled. The clerk of the superior court certifies that the amendment can not be found in his office. As the demurrer was aimed at matters curable by amendment, in the absence of the amendment we can not know the state of the pleadings as amended; and therefore no question is presented for adjudication.

2. Upon the allowance of the amendment the defendant moved for a continuance on account of it. Movant did not comply with the statute which requires him to state on oath, or his counsel to state in his place, that he is surprised by such amendment and that he is less prepared for trial, and how, than he would have been if such amendment had not been made, and that such surprise is not claimed for the purpose of delay. Motions of this kind are in the discretion of the judge (Civil Code, § 5714), and there was no abuse of discretion in overruling the motion.

3. Defendant offered to amend his counter-affidavit by alleging

that a certain contract (which will fully appear later on in a discussion of the merits of the case) was obtained by fraud, and is not binding on him  The scope of this amendment is to allege that a written contract under which the plaintiff claims to derive title from him is void and should be canceled.  Such an amendment is not germane to the issue made by the filing of a counter-affidavit to a summary proceeding to eject a tenant.  *Patrick* v. *Cobb,* 122 *Ga.* 80 (49 S. E. 806) ; *Brown* v. *Bonds,* 125 *Ga.* 836 (54 S. E. 933).  There was no error in disallowing the amendment, and in excluding evidence in support of it.

4.  The uncontroverted facts at the trial disclosed that J. B. Crawford and Nancy A. Crawford, husband and wife, possessed certain estates.  Nancy Crawford died testate, and her will was offered for probate.  After the death of his wife Nancy, J. B. Crawford remarried and died, leaving a will executed prior to his last marriage.  He left no children, and his widow, claiming that an intestacy resulted because his second marriage had the effect of revoking his will, applied for letters of administration on his estate. Her application was caveated.  There was also a caveat filed to the probate of the will of Nancy Crawford.  Both of these cases were taken by appeal to the superior court of Fulton county, and while pending there the parties litigant entered into a contract of settlement, by which the will of Nancy Crawford was to be probated, and letters of administration were to be granted to M. B. Crawford, the widow of J. B. Crawford, upon his estate; and the property of the two estates was to be distributed under a general scheme set out in the agreement, which included a provision for the payment of certain debts of both estates.  Contemporaneously with the execution of this agreement C. Z. Crawford, who was a legatee of Nancy Crawford, executed the following agreement, which was attached to the foregoing contract, to wit:  "Desiring to remove any contention as to the claim of C. Z. Crawford and Mrs. Lula Miller of [to] the estate of J. B. Crawford, referred to in the attached contract, and alone for the purpose of consummating said contract, and should not said contract be consummated, then the concessions herein made are not to be binding or used as admissions against said C. Z. Crawford and Mrs. Talulah Miller; subject to the above conditions, I, C. Z. Crawford, will not claim any interest, title, right in the estate of J. B. Crawford, except a debt or

debts aggregating the sum of $1,330.95; included in this total is the sum of $987, the amount I expended in improving the house and lot on which I live, the use of which was to be free as long as I live, and in case J. B. Crawford or his estate took control of it, I was to be paid the money I spent in improving it. The balance of said aggregate sum is made up of various items due me by J. B. Crawford or his estate, and of course the right, interest, and claims to which I am entitled under the attached contract are excepted." Upon the execution of this contract of settlement of the two estates, the will of Nancy A. Crawford was duly probated, and letters of administration on J. B. Crawford's estate were granted on October 11, 1910. Two checks for $500 each were drawn by M. B. Crawford and made payable to the attorneys of C. Z. Crawford and Lula Miller. One of these checks was turned over to C. Z. Crawford, who collected the money upon it. A declaration was filed in the superior court, praying that the agreement be made the judgment of the court; and a decree was entered in June, 1911, granting the prayers of petitioners. In August, 1911, the court of ordinary of Fulton county granted an order to M. B. Crawford, administratrix of J. B. Crawford, to sell the premises in dispute for the purpose of making distribution and paying the debts of the estate. C. Z. Crawford being in possession of the premises, a demand for possession was made upon him by the administratrix on September 12th or 13th, 1911, and, upon his refusal to give possession, the administratrix, on September 19, 1911, made affidavit for a warrant to oust him as a tenant.

Under the foregoing facts what was the status of C. Z. Crawford in his relation to the premises and to the administratrix of J. B. Crawford? According to his admission in the contract of settlement, he did not claim title to the premises, but only a right to the possession of the same for life in consideration of certain improvements he had erected thereon; and in the event J. B. Crawford or his estate took control of the premises, he was to be paid for his improvements. In the contract of settlement the value of these improvements was agreed upon, and it was stipulated that upon the consummation of the attached contract he would not claim any interest, title, or right in the estate of J. B. Crawford. As soon as the settlement was reached, steps were taken to consummate the agreement of the parties. In pursuance thereof the will of Nancy

A. Crawford was admitted to probate, and letters testamentary thereon were issued. Letters of administration issued to Mrs. M. B. Crawford on the estate of J. B. Crawford. A proceeding was filed to make the agreement the judgment of the court, and a decree was entered thereon. Five hundred dollars was paid to C. Z. Crawford. An order was granted, reciting that it was necessary to sell the premises in dispute to distribute the estate. The estate was to be distributed agreeably to the terms of the settlement. Before the sale of the premises could be legally made, it was necessary for the administratrix to have possession of the premises. The administratrix demanded possession, and C. Z. Crawford blocked the carrying out of the agreement of the parties interested, by refusing to yield possession of the premises. Under such circumstances did not C. Z. Crawford become a tenant at sufferance, after his agreement to surrender the premises upon the consummation of the contract?

An estate at sufferance, as defined by Blackstone (2 Bl. Com. *150), "is where one comes into possession of land by lawful title, but keeps it afterwards without any title at all. As, if a man takes a lease for a year, and, after the year is expired, continues to hold without any fresh leave from the owner of the estate." A tenancy at sufferance arises where one enters into possession under a lawful demise, and his retention of possession after the expiration of his term is by the mere laches or neglect of the owner to take possession of the premises; where the entry is lawful, but the holding over is wrongful. *Godfrey* v. *Walker,* 42 *Ga.* 562; *Willis* v. *Harrell,* 118 *Ga.* 906 (45 S. E. 794); *Sharpe* v. *Matthews,* 123 *Ga.* 794 (51 S. E. 706); *Purtell* v. *Farris,* 137 *Ga.* 318 (73 S. E. 634). The admission of C. Z. Crawford is that he had only a usufructuary interest in the land, which was to continue for life unless it were sooner determined by the owner taking possession of the same upon paying for improvements. A tenant for life, whose estate or right of possession is to terminate upon the happening of a contingency named, becomes a tenant at sufferance if he continues in possession after the happening of such contingency. 1 Tiffany on Landlord and Tenant, 152. The contingency contemplated in the contract was the consummation of the general contract of settlement between the parties interested in the estates of Nancy Crawford as legatees, and the widow of J. B. Crawford. According to the agreement,

this was to be accomplished by an administration of both estates, and the money with which to pay C. Z. Crawford was to be obtained from the administration of the estate of J. B. Crawford. The court of ordinary has adjudicated the necessity for the sale of the premises in dispute for the purpose of distribution and of paying debts. C. Z. Crawford can not block the administration so as to prevent the execution of the agreement, and claim release from his obligations and covenants. To allow such a result would be to permit him to take an advantage of his own breach of contract to the detriment of others acting on the faith thereof. The effect of the agreement, and the steps taken in its execution, is to terminate the contract between C. Z. Crawford and J. B. Crawford, and to fix his status as a tenant at sufferance, subject to be evicted under the statute providing for the eviction of tenants by sufferance by summary process.

5. The statute provides that a warrant to dispossess a tenant holding over or at will or sufferance be directed to the sheriff or his deputy or any lawful constable of the county where the land lies. Civil Code, § 5386. The warrant in the instant case was directed to any lawful constable of the county. A motion was made to dismiss the proceeding, because of the alleged misdirection of the warrant, inasmuch as it appears that it was executed by a deputy sheriff, who was without authority to execute it. This motion was properly overruled. The warrant is the process empowering the officer to evict the tenant. Upon the filing of a counter-affidavit the whole proceeding becomes mesne, and the issue is that made by the affidavit and counter-affidavit. The officer who served the warrant had authority to serve it under the statute; and if the defendant wished to contest the authority of the deputy sheriff to execute the warrant, he should have taken steps to that end at the time the officer was attempting to execute it. By submitting to the officer's authority and filing a counter-affidavit, he waived the mistake in the direction. By his own conduct he converted the final process into mesne process. The situation is analogous to a defendant, who, though served with a void process, pleads to the merits of the case. Pleading to the merits cures defects in the process or manner of its service.

6. The plaintiff closed her case and a motion for nonsuit was made. Counsel for plaintiff asked the court to reopen the case

to let in more evidence. The court granted the request. The grant or refusal of such motion rests in the sound discretion of the court. We do not think the court abused his discretion in this case.

7.  The various rulings complained of were without substantial error. The evidence demanded a verdict that the defendant was a tenant at sufferance and subject to eviction. The plaintiff did not claim any rent. It was therefore not erroneous to direct a verdict for the plaintiff, commanding the issuance of a writ of possession of the premises.

*Judgment affirmed.   Beck, J., absent.   The other Justices concur.*