TAYLOR *et al. v.* WEST, executor.

BECK, J. The defendants entered into possession of certain lands as trans-
ferees of a lease executed by the plaintiff's testator, leasing certain lands
to the lessee for turpentine purposes. The lease was for a period ex-
tending from the first of December, 1905, to "the end of the turpentine
season, 1910," and gave to the lessee or the transferees of the lease "the
privilege of renewing said contract at $5.00 per annum." *Held:*

1. The clause last quoted from the lease contained an option of renewal.
And when the defendants, being in possession of the land at or about
the close of the term for which it was leased, upon being informed by
the agent of the lessor that the lease would expire according to its
terms, failed to exercise the option of renewal until after the expiration
of the lease, and then, after demand for possession by the agent of the
lessor, refused to surrender possession to the lessor or his agent, they
were tenants at sufferance, their entry having been lawful but their con-
tinued possession wrongful. *Crawford* v. *Crawford,* 139 *Ga.* 394 (77
S. E. 557) ; *Stanley* v. *Stembridge,* 140 *Ga.* 750 (79 S. E. 842) ; 18 Am.
& Eng. Enc. L. (2d ed.) 692, and cases there cited.

2. Under such circumstances the lessor was entitled to avail himself of the
summary proceedings of a dispossessory warrant to secure possession of
the land.

3. Where such proceedings are arrested by the making of a counter-affidavit
and the giving of bond under the provisions of section 5387 of the Civil
Code, and the issue made by the affidavit and counter-affidavit is de-
termined against the tenant, then the lessor is entitled to double rent,
under the provisions of section 5389.

4. There is no merit in the exceptions to the court's charge, and the evi-
dence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

JULY 25, 1914.

Eviction. Before Judge Worrill. Clay superior court. August
2, 1913.

*Rambo & Wright,* for plaintiffs in error.

*W. H. Gurr* and *E. R. King,* contra.