19417. HILL *v.* KITCHENS.

BELL, J. 1. Ordinarily, advertisement is not essential to the validity of a sale under a fi. fa.; and where imperfect advertisement is made, the irregularity therein will not vitiate the sale, but the remedy of the de-

fendant in fi. fa. would be against the officer. The purchaser at a sheriff's sale depends upon "the judgment, the levy, and the deed," and all other questions are between the parties to the judgment and the officer making the sale. *Brooks* v. *Rooney*, 11 *Ga.* 423 (56 Am. D. 430); *Conley* v. *Redwine*, 109 *Ga.* 640 (2), 644 (35 S. E. 92); *Johnson* v. *Reese*, 28 *Ga.* 353, 356 (73 Am. D. 757); *Jeffries* v. *Bartlett*, 75 *Ga.* 230; *Georgia Northern Ry. Co.* v. *Cone*, 17 *Ga. App.* 786 (2 *b*) (88 S. E. 701).

(*a*) Furthermore, the advertisement as shown by the record in this case, which described the fi. fa. as being in favor of the original plaintiff and against the defendant and stated their names, constituted a substantial compliance with section 6062 of the Civil Code, which provides that the advertisement shall make known "the name of the plaintiff and the defendant," although at the time of the levy and of the advertisement the fi. fa. was owned by a transferee, who had acquired it by a written transfer, and who was not mentioned in the advertisement.

2. A sale regularly made by virtue of judicial process issuing from a court of competent jurisdiction conveys the title as effectually as if the sale were made by the person against whom the process issues; and the purchaser at such sale is ordinarily entitled to immediate possession, which he may obtain by writ of possession; but this is not his exclusive remedy. Civil Code (1910), §§ 6051, 6073; *Suttles* v. *Sewell*, 105 *Ga.* 129 (31 S. E. 41); *Hines* v. *Lavant*, 158 *Ga.* 336 (5) (123 S. E. 611); *Chambers* v. *Collier*, 4 *Ga.* 193 (3), 197.

3. Such right of possession in the purchaser would imply a correlative duty on the part of the defendant in fi. fa. to vacate the premises promptly on notice of the sale, or in any event on demand by the purchaser.

4. An estate at sufferance arises where one comes into possession of land by lawful title, but keeps it afterwards without any title at all. *Willis* v. *Harrell*, 118 *Ga.* 906 (3), 908 (45 S. E. 794); *Taylor* v. *West*, 142 *Ga.* 193·(82 S. E. 518). The original entry need not have been under lease or as a tenant of the dispossessing landlord. *Kimbrough* v. *Kimbrough*, 99 *Ga.* 134 (2) (25 S. E. 176); *Godfrey* v. *Walker*, 42 *Ga.* 562 (6).

5. A tenant at sufferance may be evicted by a dispossessory warrant, where he fails to surrender the premises on demand, and is liable for double the rental value of the premises after such demand. *Stanley* v. *Stembridge*, 140 *Ga.* 750 (5) (79 S. E. 842).

6. In the present proceeding to dispossess the defendant as a tenant at sufferance, the evidence demanded a finding that the defendant's possession as owner was changed to the possession of a tenant at sufferance, on the consummation of the sale under the fi. fa., and did not show that such tenancy was converted into a tenancy at will. *Chason* v. *O'Neal*, 158 *Ga.* 725 (3), 733 (124 S. E. 519); *Crawford* v. *Crawford*, 139 *Ga.* 394 (4), 398 (77 S. E. 557); *Prichard* v. *Tabor*, 104 *Ga.* 64 (2) (30 S. E. 415); 35 C. J. 1137.

7. There was no evidence to indicate that the plaintiff did more than merely to tolerate the defendant's possession for the time being, the defendant leading the plaintiff "to believe that she was going to get out." The mere fact that the plaintiff stated to the defendant that "she

would have to pay rent" could not have been taken as converting the tenancy at sufferance into one at will, it appearing that the plaintiff constantly requested possession and at no time consented to a continuance of the occupancy. Such statement on the part of the plaintiff appears to have been given as a warning to the defendant that she could not continue to occupy the premises as her own, and amounted to a statement only of what the law would require. *Smith* v. *Singleton,* 71 *Ga.* 68 (3); Civil Code (1910), § 3692.

8. Under the evidence no other verdict than one of eviction (as rendered) would have been authorized, and none of the alleged errors complained of in the defendant's motion for a new trial could have affected the result. The court did not err in refusing the motion.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 15, 1922. REHEARING DENIED JUNE 17, 1922.

*Orrin Roberts,* for plaintiff in error. *Reuben M. Tuck,* contra.