26775. MAY *v.* LEE.

DECIDED MAY 4, 1938.

*William E. Mann, W. Gordon Mann,* for plaintiff in error.
*Hardin & McCamy,* contra.

MacINTYRE, J. █ "If no exception be taken at the trial, no point made, and the opinion of the court not invoked and not given, there has been no decision, sentence, judgment, or decree of a superior court rendered upon the point; and therefore, by the organic law of this court, we have no right to review the proceeding." *Burtine* v. *State,* 18 *Ga.* 534, 537.

█ The question of the sufficiency of the description of the property in dispute as alleged in the dispossessory warrant was not raised in the lower court and is raised for the first time in the brief of the plaintiff in error. This question not being raised in the trial court can not be raised for the first time in the Court of Appeals. *Wyche* v. *Greene,* 16 *Ga.* 49; *Groover* v. *Simmons,* 161 *Ga.* 93 (3) (129 S. E. 778); *Hudson* v. *Devlin,* 28 *Ga. App.* 459 (7) (111 S. E. 677); *Harrell* v. *Taylor,* 24 *Ga. App.* 288 (100 S. E. 724); *Bass* v. *African Methodist Episcopal Church,* 155 *Ga.* 57, 59 (116 S. E. 816); *Rogers Inc.* v. *Sutton,* 44 *Ga. App.* 477 (162 S. E. 519).

█ The plaintiff testified that she was living with her father on certain described premises (a house and lot), obtained from him a deed thereto, went into possession of the property, and

lived there for about two years; that her father lived with her, and she thereafter moved away and let her brother and his wife move into the house with her father for the purpose of looking after him, and that as soon as the father died she demanded possession, but the brother refused to give it, and she thereupon swore out the dispossessory warrant. She further testified that she had never authorized her father to let her brother move into the house (but on the contrary she herself let her brother go into the house with her father). Her brother testified in effect: "My sister [the plaintiff], had been living with my father who was a very old man, but she left and went away. . . I moved into the place with my father's consent and stayed with his permission." He also stated, "I am now living in the house and on the place occupied by my father and in his possession at the time of his death." Thus the possession claimed by the brother was that which is often referred to as "derivative possession," and is defined as "the kind of possession of one who is in the lawful occupation or custody of the property but not under a claim of title of his own, but under a right derived from another, as, for example, a tenant, bailee, licensee, etc." Black's Law Dictionary, 3 ed. The only reasonable inference to be drawn from all the testimony was that the possession of the brother referred to in his testimony was not adverse possession but was permissive possession. He did not deny that his sister had a deed from their father and went into possession thereunder. There was no error in directing the verdict. *Colvin v. Colvin,* 24 *Ga. App.* 630 (101 S. E. 586) ; *Marlin v. Wall,* 141 *Ga.* 201 (80 S. E. 629). To put it another way under this testimony, if the issue had been submitted to the jury and the verdict had been for the defendant instead of for the plaintiff as directed by the judge, would there have been sufficient evidence for the judge to have upheld the verdict on the ground that the evidence authorized it? We think not. Then of course it would have been useless for the judge to allow the jury to find a verdict which he knew would have to be reversed for lack of evidence to support it. The trial court did not err in directing a verdict for the plaintiff in a proceeding to evict the defendant from the premises. *Colvin v. Colvin,* supra; *Kimbrough v. Kimbrough,* 99 *Ga.* 134 (25 S. E. 176).

■ The Code, § 70-205, prescribes: "When a motion for new

trial is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence. If the newly discovered evidence is that of witnesses, affidavits as to their residence, associates, means of knowledge, character, and credibility must be adduced." There are no affidavits in support of the character of the affiant expected to give the newly discovered evidence; and for this reason alone this court would not interfere with the discretion of the trial judge in refusing to grant a new trial on this ground. *Jenkins* v. *State,* 21 *Ga. App.* 498 (94 S. E. 630) ; *Williams* v. *State,* 9 *Ga. App.* 818 (72 S. E. 301). An additional reason why we do not think we should interfere with the trial judge in refusing to grant a new trial on this ground is that there is no affidavit of any of the defendant's counsel "that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence." Code, § 70-205.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*