27755. CASON *v.* THE STATE.

DECIDED SEPTEMBER 20, 1939.

*J. W. Cole,* for plaintiff in error.

*Robert D. Tisinger, solicitor,* contra.

MACINTYRE, J. ■ In a criminal case "the bill of exceptions shall be tendered and signed within twenty days from the rendition of the decision." Code, § 6-903. "When a number of days is prescribed for the exercise of any privilege, or the discharge of any duty, only the first or last day shall be counted; and if the last day shall fall on Sunday, another day shall be allowed in the computation." § 102-102 (8). As disclosed by the bill of exceptions and the record, the judgment was rendered on April 17, 1939, and the bill of exceptions, as shown by the recital therein, was presented to the judge on May 8, 1939, and signed by him on the same date. If we exclude April 17, 1939, the date on which the decision complained of was made, as the first day of the period, and reckon twenty days thereafter, the last or twentieth day would fall on Sunday, May 7. Hence, the last day for tendering the bill of exceptions being Sunday May 7, the following day, May 8, is superadded by the Code, § 102-102 (8), and the bill of exceptions tendered and signed on Monday, May 8, was in time. The motion to dismiss the writ of error, on the ground that the bill of exceptions was not tendered and certified within the time limited by law, is denied. *Charleston & Western Carolina Railway Co.* v. *Cottonseed Oil Co.,* 22 *Ga. App.* 337, 339 (96 S. E. 14) ; *Wood* v. *State,* 12 *Ga. App.* 651 (78 S. E. 140) ; *Hill* v. *State,* 14 *Ga. App.* 410, 412 (81 S. E. 248) ; *Morgan* v. *Perkins,* 94 *Ga.* 353 (4) (21 S. E. 574) ; *Rusk* v. *Hill,* 117 *Ga.* 723 (45 S. E. 42) ; *Texas Co.* v. *Davis,* 157 *Ga.* 538 (122 S. E. 62) ; *Jackson* v. *Harris,* 165 *Ga.* 873, 879 (142 S. E. 273).

■ The defendant by demurrer raised the point that "there were two separate and distinct offenses charged in one and the same accusation, in that it set out an offense defined in the Code, § 26-6103, and a separate offense defined in § 26-6102." Section 26-6103 declares: "Any person who shall keep and maintain, either

by himself or others, a common, ill-governed, and disorderly house, to the encouragement of idleness, gaming, drinking, or other misbehavior, or to the common disturbance of the neighborhood or orderly citizens, shall be guilty of a misdemeanor." Section 26-6102 declares: "Any person who shall maintain and keep a lewd house or place for the practice of fornication or adultery, either by himself or others, shall be guilty of a misdemeanor." An accusation of maintaining a lewd house, drawn under § 26-6102, if properly drawn, may include acts of open and notorious lewdness, or it may include only acts of lewdness done with the knowledge and consent of the defendant, though only privately done. *McCain* v. *State*, 57 *Ga.* 391; *Clifton* v. *State*, 53 *Ga.* 241. An accusation against maintaining a disorderly house, drawn under § 26-6103, may include lewdness as one of the acts of "other misbehavior" as stated in this section; and should acts of lewdness alone be relied on for conviction, the acts which constitute "the encouragement of lewdness" must be openly and notoriously carried on, at least to the extent of disturbing others. The accusation in this case contains only one count, and charges that the defendant "did unlawfully keep and maintain and carry on a common, ill-governed, and disorderly house, to the encouragement of idleness, drinking, lewdness, and other misbehavior." This accusation, we think, is to be considered as charging but one violation of the law, to wit, a violation of the Code, § 26-6103, which defines the keeping of a disorderly house, and the accusation alleges that one of the ways in which it was disorderly was the acts done in the encouragement of lewdness. We do not think the accusation should be considered as charging a violation of § 26-6102, which defines the keeping of a lewd house. *Heard* v. *State*, 113 *Ga.* 444, 448, 451 (39 S. E. 118); *Thrower* v. *State*, 117 *Ga.* 753, 755 (45 S. E. 126); *Cody* v. *State*, 118 *Ga.* 784 (45 S. E. 622). Thus we think that the court did not err in overruling the demurrer to the accusation, on the ground that it charged two separate and distinct offenses in one count.

Special ground 2 complains that the judge, in his charge, did not define reasonable doubt. This exception was decided adversely to the plaintiff in error in *Floyd* v. *State*, supra, where it is said: "When the charge to the jury embraces a section of the Code which contains technical words or expressions, the meaning

of which is probably not understood by a person unlearned in the law, the court should so define them as to convey to the jury a correct idea of their meaning; but it is unnecessary for the court, even upon request, to explain words and expressions which are of ordinary understanding and self-explanatory. . . The meaning of the phrase 'reasonable doubt,' as used in the charge excepted to, is obvious, explains itself, and will be readily appreciated and understood by the average juror without further explanation."

■ Counsel in his brief undertakes for the first time to raise the point that the judge did not charge the jury on the law of circumstantial evidence. The opinion of the trial court was not invoked on this question and therefore was not given; and therefore, by the organic law of this court, we have no right to entertain the exception. *May v. Lee,* 57 *Ga. App.* 893 (197 S. E. 50).

■ The evidence authorized the verdict, and sufficiently identified the plaintiff in error as the person named in the indictment and the man on trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*