COLEY *v.* WESTBROOK.

4-7305                                      178 S. W. 2d 991

Opinion delivered March 20, 1944.

1112

*Gladys Wied,* for appellant.

*McDaniel, Crow & Ward,* for appellee.

McFADDIN, J. This is an appeal in an unlawful detainer action concerning an apartment in Benton, Ar-

kansas. Mrs. Westbrook (plaintiff below and appellee here) owns the property. On March 1, 1943, she rented it to Mrs. Coley (defendant below and appellant here) at $22.50 per month for no definite period of time. Mrs. Westbrook was then occupying other property which she was renting from a Mr. McKinley. When he later sued to evict her, she wanted, for her own occupancy, her property which she had rented to Mrs. Coley. Mrs. Westbrook gave Mrs. Coley several notices to vacate, none of which was heeded. Then on June 29, 1943, she wrote Mrs. Coley a letter reading:

"Dear Mrs. Coley:

"This confirms the several verbal notices that I have given you to move and give possession to me so that I can move in and occupy my home. The notices were given you on and after May 1, 1943, and the occasion of this notice to you is that I am forced to move from the house that I have occupied about ten years and notices have been given me several times to move and now, ejectment proceedings have been filed in circuit court against me and my only relief is to be able to get my home at the earliest date possible.

Unless this notice is complied with, it will be necessary for me to take court action to have you ejected as much as I would hate to do so."

On June 30, 1943, Mrs. Coley signed and delivered to Mrs. Westbrook a letter reading:

"Dear Mrs. Westbrook:

"I hereby state that you have requested me to move several times so you could have possession of the house for your own use, and that I have agreed to move as soon as I could get a reasonably suitable place to move, but have not been able to do, and for the purpose of avoiding any further notice or litigation, I hereby agree to move and vacate your house and property on or before September 1, 1943."

When September 1, 1943, arrived Mrs. Coley refused to vacate. A three-day notice was served on her and this

suit was filed on September 4, 1943. Mrs. Coley made bond and retained the premises until the trial below; and then executed a supersedeas bond, and still retains possession. In her complaint Mrs. Westbrook made the usual and customary allegations, in accordance with the facts as heretofore detailed. Mrs. Coley filed answer on September 28, 1943, and amendment on October 2, 1943; and in these she (1) admitted plaintiff's ownership, (2) admitted defendant's possession under rental agreement of $22.50, (3) claimed that the agreement under which she rented the premises gave her the right to retain possession as long as she desired, and (4) denied all other allegations of the complaint. A trial to a jury on October 4, 1943, resulted in a verdict and judgment for Mrs. Westbrook for possession and $50 damages. Mrs. Coley brings this appeal, arguing the points hereinafter discussed.

I. *Plaintiff's Instruction No. 2.* This reads: "You are instructed that if you find from a preponderance of the evidence that the plaintiff is the owner of the property in question and that the defendant rented said property from the plaintiff and after having occupied it for some time, then agreed to surrender possession of same on or before September 1, 1943, then the plaintiff is entitled to possession of this property and you will so find."

Appellant here contends that this instruction is fatally defective because it fails to embody all the essentials of an unlawful detainer action; but the answer to the appellant's contention is found in the pleadings and testimony of the parties. Mrs. Westbrook claimed that Mrs. Coley had agreed to surrender possession on September 1, 1943, and had signed a letter so stating. Mrs. Coley claimed that she signed the letter as a favor to Mrs. Westbrook and that the letter was a sham and never intended to be a real agreement. So the court told the jury that if Mrs. Coley *agreed* to surrender possession on September 1, 1943, then the verdict should be for Mrs. Westbrook. Thus the court submitted to the jury the controverted fact. In this instruction the trial

court was not indulging in a definition and statement of all of the essentials of an unlawful detainer action for there was no need to do this. The court was submitting to the jury in a clear and concise way the controverted question of fact.

Mrs. Coley's contention that she was to have the property as long as she wanted it was too indefinite to be enforceable. She admitted that she had rented on a month to month rental basis, so she was a tenant from month to month. "A lease for an indefinite term, with monthly rent reserved creates a tenancy from month to month." 35 C. J. 1106. "Where the tenant enters without any specified term, and pays rent monthly, he presumptively becomes a monthly tenant." McAdam on Landlord and Tenant, 5th ed., vol. 1, § 41. Such is the effect of our holding in *Reece* v. *Leslie*, 105 Ark. 127, 150 S. W. 579. And see, also, Thompson on Real Property (permanent edition), Vol. III, § 1044.

II. *The OPA Regulations.* The appellant specifically objected to the instruction No. 2 *(supra)*, claiming that it ignored and violated the rent regulations issued by the Office of Price Administration under USCA Title 50 Appx. 902 ff; and some of these regulations are copied in the brief. They provide (1) that so long as the tenant continues to pay the rent the landlord cannot recover possession except where the landlord seeks in good faith to recover possession for personal use and occupancy by the landlord and family; and (2) on the matter of notices, these regulations require that a copy of every notice must be sent to the Area Rent Office within twenty-four hours after being given to the tenant, and that no tenant shall be evicted by court process unless at least ten days' notice has been given to the Area Rent Office. The appellant claims that the notice was not given in this case as provided by the OPA rent regulations and also that there was no sufficient reason shown to allow Mrs. Coley to be evicted; citing a series of annotations: in 142 A. L. R. 1521; 143 A. L. R. 1533; 144 A. L. R. 1517; 145 A. L. R. 1484; 146 A. L. R. 1491, and 147 A. L. R. 1446. There are a number of cases

involving different phases of the OPA rent regulations. A few of these cases are *Taylor* v. *Brown,* 137 Fed. 2d 654; *Henderson* v. *Kimmel,* 47 Fed. Sup. 635; *Henderson* v. *Fleckinger,* 48 Fed. Sup. 236; *Brown* v. *Wick,* 48 Fed. Sup. 887; *Brown* v. *Warner Holding Co.,* 50 Fed. Sup. 593; *Payne* v. *Griffin,* 51 Fed. Sup. 588.

This OPA issue is academically very interesting, but has no real bearing on this case. Conceding, but not deciding, that all these detailed administrative directives are within the war power of the federal government and therefore constitutional, still we reach the conclusion that the appellant has made no point in this case by this contention. In the first place, the appellant did not, in her answer, plead or claim any rights under the OPA regulations. We have previously shown the contents of the appellant's pleading in the lower court. If she expected to assert any supposed rights under the OPA regulations, then in fairness to the court she should have pleaded these supposed rights. In the second place, the record is replete with testimony that the OPA was notified of all steps taken by Mrs. Westbrook, and was sent a copy of the complaint. Mrs. Westbrook had consulted the OPA attorney about her own problems in the eviction suit filed against her. She testified that she sent the OPA copies of the notices and complaint in this present case. The appellant developed this testimony in the cross-examination of Mrs. Westbrook, and then produced no evidence to the contrary. For the reasons mentioned, we see no merit in the appellant's second point.

III. *The Damages Awarded the Plaintiff.* The plaintiff testified that she had been damaged by the unlawful detention of the property; and, in itemizing her damages, she listed: (a) she paid $35 as extra rent for a dwelling up until September 1, 1943; (b) she paid $52 for court costs in the eviction suit against her prior to September 1, 1943; (c) she paid $10 per month for storage for her furniture, after September 1, 1943; (d) she paid $10 to have her furniture moved to storage, after September 1, 1943; (e) the time and expense of such

packing for storage was $15 after September 1, 1943; (f) she was obliged to walk many extra blocks to get to her work from her present boarding house as compared to her property involved in this action.

The appellant objected to items (a) and (b) since these arose before September 1, 1943; and the instruction of the trial court eliminated items (a) and (b) from consideration, because the court instructed the jury on the damages: "You are instructed that if you find for the plaintiff you will assess her damages against the defendant for the wrongful detention of the property in such sums as you may find from a preponderance of the evidence will reasonably compensate her as damages, which you may find plaintiff suffered after September 1, 1943, if any."

This instruction removed from the jury any consideration of the items (a) and (b) above; and it is well settled that errors in admitting evidence may be cured by instructions. See West's Arkansas Digest, "Appeal and Error," § 1053 (3). So the error about items (a) and (b) was rendered harmless by this instruction.

The appellant also objected to items (c) to (f), inclusive, and each of them. We think that items (c) and (d) and (e) were proper elements of damage, and appellant's objections to these elements are unfounded. When the defendant refused to surrender possession as she had agreed, the plaintiff was obliged to pack and store plaintiff's furniture and move to rooms less desirable than the plaintiff's dwelling. The refusal of the defendant to surrender possession on September 1, 1943, directly led to these damages as the natural and proximate result of defendant's unlawful detainer. 26 C. J. 862. Our statute (§ 6050, Pope's Digest) allows the jury to assess damages in a case like this one.

We think the testimony on item (f) (inconvenience in walking) was too indefinite and intangible to constitute an element of damage, but since the verdict of the jury awarded the appellee only $50 in damages we think any error in item (f) was rendered harmless. The ver-

dict of the jury recites: "We, the jury, find for the plaintiff and find that she should have possession of her property at once and should recover $50 as damages." There was past due rent of $22.50 admitted to be due when this verdict was rendered on October 4, 1943; and the remaining $27.50 of the $50 awarded as damages was far less than the total of items (c), (d) and (e), *(supra)*; and the plaintiff's testimony about these items (c), (d) and (e) was not controverted by the testimony of any witness. In the case of *St. Louis, I. M. & S. Ry. Company* v. *Lamb*, 95 Ark. 209, 128 S. W. 1030, we held that the error of admitting improper evidence tending to enlarge appellee's damage was not prejudicial to the appellant where the verdict of the jury was for an amount which was supported by undisputed testimony; for in such a case it is clear that the improper testimony had no influence upon the jury. That is the situation here regarding the element of damage, (f) about inconvenience in walking distance. We hold that the error in the admission of this evidence was rendered harmless by the amount of the jury verdict.

To conclude:

We find no harmful error in the record in the points raised by the appellant, and the judgment of the lower court is in all things affirmed.