COLEY *v.* WESTBROOK.

4-7662                                            188 S. W. 2d 141

Opinion delivered June 11, 1945.

*J. B. Milham* and *Gladys Wied,* for appellant.

*McDaniel, Crow & Ward,* for appellee.

SMITH, J.  This appeal is from a judgment at law rendered upon the verdict of a jury, and the case is here without a bill of exceptions.  We may, therefore, consider only such errors as appear from the face of the record.  However, the errors complained of appear from the pleadings and the judgment, and we may therefore con-

sider them. The opinion in the case of *Coley* v. *Westbrook,* 206 Ark. 1111, 178 S. W. 2d 991, recites the facts out of which the case arose.

After the affirmance of the judgment in the case cited, the present suit was filed. The complaint recites that after the affirmance of that judgment Mrs. Coley, the tenant, vacated the property and tendered the sum of $150.75, as rent, this being the rent due to the date of the tender, at the contract price of $22.50 per month. This tender appears to have covered only the rent, and not the interest thereon, which was payable monthly in advance, and should be computed on that basis. The tender did not cover the cost of storage, which the former opinion held was a recoverable element of damage, and which the verdict placed at $25, but as this was unliquidated damage, no interest was due thereon until the damage for cost of storage had been ascertained and adjudicated.

The tender was refused for the reason that Mrs. Westbrook, the landlord, claimed double rent. The basis of that claim, as recited in the complaint, in the instant case, is the letter from Mrs. Coley to Mrs. Westbrook, dated June 30, 1943, reading as follows:

"Benton, Arkansas, June 30, 1943. Mrs. J. W. Westbrook, Benton, Arkansas. Dear Mrs. Westbrook: I hereby state that you have requested me to move several times so you could have possession of the house for your own use and that I have agreed to move as soon as I could get a reasonably suitable place to move, but have not been able to do, and for the purpose of avoiding any further notice or litigation, I hereby agree to move and vacate your house and property on or before September 1, 1943. Very truly yours, Mrs. Ray Coley." This letter was copied in full in the former opinion.

In the former case Mrs. Westbrook recovered judgment for possession of the property and damages for the wrongful detention thereof, in the sum of $50, which included one month's rent, and as has been said, that judgment was affirmed (206 Ark. 1111, *supra*). Mrs. Coley appealed from that judgment and gave a supersedeas

bond, which enabled her to retain possession, which she kept until she vacated the property on April 21, 1944. The former opinion was delivered March 20, 1944.

When the demand for double rent was refused this suit was filed, and the surety on the supersedeas bond was made a party defendant, and at the trial from which is this appeal, a verdict was returned against Mrs. Coley and the surety for double rent, together with damages in the sum of $25 for storage charges. To this verdict the court added in its judgment interest on the rent, amounting to $13.22, and interest on the storage charge in the sum of $1.06, and judgment therefor was rendered against both Mrs. Coley and the surety, and this appeal is from that judgment.

This suit for double rent is predicated on § 8585, Pope's Digest, which reads as follows:

"If any tenant shall give notice in writing of his intention to quit the premises held by him at a time specified in such notice, and shall not deliver up the possession thereof at such time, such tenant, his executor or administrator, shall from thence forward pay to the landlord, his heirs or assigns, double the rent reserved during all the time such tenant shall so continue in possession of such premises."

The property was not vacated September 1, 1943, as the letter from Mrs. Coley stated that it would be, and if it be conceded that this letter sufficed to make the provisions of § 8585, Pope's Digest, applicable as to future rents, that cause of action arose September 1, 1943.

This was a date prior to the institution of the first suit, and if Mrs. Westbrook wished to sue for double rent, she should have done so in her first suit. This she did not do. On the contrary, she sued for simple rent, and recovered judgment for one month's rent and other damages. It was the enforcement of this judgment which the supersedeas bond stayed, and it appears from the pleading that this judgment was satisfied by paying the amount thereof. The obligation which the surety assumed will be discharged if, and when, the rent with in-

terest thereon has been paid to the date when the premises were vacated and the storage charge. Mrs. Coley did not tender the storage charges which accrued pending the appeal, which were found by the jury to be $25. Both Mrs. Coley and her surety are liable for this item, but without interest thereon prior to the rendition of the judgment, together with the rent on the property at $22.50 per month, until the property was vacated. Mrs. Westbrook had the right to sue for these items, and the costs of the trial below will be assessed against Mrs. Coley, but inasmuch as judgment was rendered against her for an excessive amount, the costs of this appeal will be assessed against Mrs. Westbrook.

Mrs. Westbrook seeks here to enforce a demand for double rent which should have been asserted in the first suit, but instead of suing for double rent, she sued only for simple rent. If it were intended to hold Mrs. Coley liable for double rent, she should have been apprised of that fact in the first suit. If that cause of action existed, it was in existence before the suit was filed.

In the case of *Gosnell Spec. School Dist. No. 6* v. *Baggett,* 172 Ark. 681, 290 S. W. 577, we quoted and approved the following statement from § 439 on the chapter on judgments, in 15 R. C. L., p. 964: "If it is doubtful whether a second suit is for the same cause of action as the first, it has been said to be a proper test to consider whether the same evidence would sustain both. If the same evidence would sustain both, the two actions are considered the same, and the judgment in the former is a bar to the subsequent action, although the two actions are different in form." *McCarroll, Com. of Revenues,* v. *Farrar,* 199 Ark. 320, 132 S. W. 2d 561.

It is true the rent here sued for is for a different period of time, from that sued on for in the first case, but the question here is the right to sue for double rent. Having sued in the first instance for simple rent, Mrs. Westbrook may not now sue for double rent.

The judgment will therefore be reversed and the cause remanded with directions to render judgment

against Mrs. Coley and the surety on the supersedeas bond for the amount of the rent, with interest thereon, and for the storage charges, with interest thereon, from the date of the judgment here appealed from, with the costs of that suit, and judgment will be rendered here against Mrs. Westbrook for the costs of this appeal.