## 30866. DeRIEUX *v.* BOWER.

DECIDED SEPTEMBER 20, 1945. ADHERED TO ON REHEARING NOVEMBER 9, 1945.

*H. G. Bell,* for plaintiff in error. *Vance Custer,* contra.

BROYLES, C. J. On November 27, 1942, John D. Bower Jr., the owner of certain premises in Bainbridge, Georgia, swore out a dispossessory warrant for the removal from the premises of his tenant, H. M. DeRieux. The warrant alleged that the tenant had failed to pay the rent when due, or that he is holding said premises over and beyond the term for which they were rented to him; that said Bower has demanded possession of the premises, which demand was refused by said tenant, although 60-days' notice of said demand was given him. The tenant filed his counter-affidavit on November 28, 1942. The issues thus raised were submitted to a jury in the superior court of Decatur County, and a verdict for Bower was returned. The tenant filed a motion for a new

trial, consisting of the usual general grounds, and thereafter filed an amendment thereto containing ten special grounds. The motion for a new trial was denied, and that judgment is assigned as error.

In Document No. 6038, Part 1388, Defense-Rental Areas (Supplementary Amendment 6 to Maximum Rent Regulations), issued on October 19, 1942, by Leon Henderson, administrator, it is stated in section d(1) : "No tenant shall be removed or evicted from housing accommodations, by court process or otherwise, unless, at least ten days prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the area rent office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession."

In this case, while the evidence showed that the landlord had given substantially such a notice to the tenant ten days prior to the commencement of the eviction proceedings, it failed to show that he had given such notice within ten days prior to the commencement of such proceedings to the area rent office. On the contrary, the undisputed evidence disclosed that the notice to the area rent office was given on the same day that the eviction proceedings were commenced. It is true that section d(2) of such supplementary amendment says: "At the time of commencing any action to remove or evict a tenant, including an action based upon non-payment of rent, the landlord shall give written notice thereof to the area rent office, stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought;" and true that such notice was given in this case by the landlord to the area rent office on the day that the eviction proceedings were instituted. However, the above-quoted provisions of sections d(1) and d(2) are not incompatible or antagonistic to each other, and we think that the law requires the giving of both notices, one at least ten days before the beginning of eviction proceedings, and the other on the day of the institution of the proceedings.

Therefore, because of the failure of the plaintiff landlord to give

to the area rent office the notice required by the provisions of section d(1), the verdict in his favor was contrary to law and the evidence, and the overruling of the general grounds of the motion for a new trial was error. As this ruling is controlling and conclusive in the case, the special grounds of the motion are not considered.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*

ON REHEARING.

On a rehearing of the case, the headnote and the opinion were rewritten, but the judgment of reversal was unchanged.

*Judgment adhered to.*