## 31043.  SAVAGE *v.* WEEKS.

DECIDED FEBRUARY 26, 1946.  REHEARING DENIED MARCH 27, 1946.

*Pierce Brothers,* for plaintiff in error.

*W. D. Lanier,* contra.

MacINTYRE, J. ■ Mrs. Virginia E. Savage, the mother of the defendant, Clarence Savage Sr., sold the premises in question to the plaintiff, Willard Weeks, by a warranty deed. If she had refused after demand to surrender possession to such purchaser, the plaintiff, and had continued to hold over, she would have been a tenant at sufferance, by operation of law, and a dispossessory warrant would have been an available remedy for the purchaser. Parts of the defendant's own testimony were frequently contradictory, and were contradicted in material matters by his witnesses and the witnesses for the plaintiff. " 'A jury in arriving at a conclusion upon disputed issues of fact may believe a part of the testimony of a witness or witnesses, and reject another part thereof, it being their duty to ascertain the truth of the case from the opinion they entertain of all the evidence submitted for their consideration.' " *Reaves* v. *Columbus Elec. &c. Co.,* 32 *Ga. App.* 140, 151 (122 S. E. 824); *Cooper* v. *Lumbermen's Mutual Casualty Co.,* 179 *Ga.* 256, 261 (175 S. E. 577); *Lankford* v. *Holton,* 187 *Ga.* 94, 102 (200 S. E. 243). Even if we concede that the jury might have found for the defendant under some phases of the evidence, yet under one phase of the evidence they were authorized to find that the mother of the defendant sold the land in question and moved therefrom and surrendered her possession to the purchaser; that her son, the defendant, was merely permitted by his mother some ten years previous to the sale to the plaintiff to move on her land into the house with her and live therein merely as a licensee or tenant and was so living on such land at the time of the sale to the plaintiff; that some ten years previous to the sale to Weeks the son entered upon the premises in subordination to the title of his mother and not under a claim of title adverse to hers (*Fountain* v. *Davis,* 71 *Ga. App.* 1, 5, 29 S. E. 2d, 798); that the son's possession thus was that often referred to as derivative possession (which is defined as: "The kind of possession of one who is in the lawful occupation or custody of the property, but not under a claim of title of his own, but under a right derived from another, as, for example, a tenant, bailee, licensee, etc." Bl. Law Dict. (3d ed.) 1383); that when the mother sold the place to the purchaser in question the son's possession was still

"derivative possession" and was not like possession of one claiming title; and that the possession or right of possession of the defendant at the time of the sale was derived from his mother solely as a licensee or, at most, as her tenant, and when she sold to the plaintiff, while the entry of the son had been lawful under his mother, the holding of such possession after the plaintiff had purchased the property from his mother and his refusal to surrender possession to the purchaser when so demanded was wrongful, it was the right of the purchaser to sue out a dispossessory warrant for the purpose of evicting him. *Taylor* v. *West*, 142 *Ga.* 193 (82 S. E. 518); *Colvin* v. *Colvin*, 24 *Ga. App.* 630 (101 S. E. 586); *Godfrey* v. *Walker*, 42 *Ga.* 562, 574; *Stanley* v. *Stembridge*, 140 *Ga.* 750 (79 S. E. 842); *Willis* v. *Harrell*, 118 *Ga.* 906 (45 S. E. 794); *Kimbrough* v. *Kimbrough*, 99 *Ga.* 134 (25 S. E. 176); *Hill* v. *Kitchens*, 39 *Ga. App.* 789 (148 S. E. 754); *May* v. *Lee*, 57 *Ga. App.* 893 (3) (197 S. E. 50); *Price* v. *Bloodworth*, 55 *Ga. App.* 268 (189 S. E. 925). Thus we think one phase of the evidence supports the verdict in favor of the plaintiff.

■ The act of 1937 (Ga. L. Ex. Sess. 1937-1938, pp. 675, 677), relating to the Augusta municipal court amendments states: "The municipal court of the City of Augusta shall have jurisdiction to try and determine all suits, warrants and proceedings to evict intruders and to dispossess and remove tenants holding over." The defendant contends that such provision does not extend to a tenant at sufferance and that the municipal court of the City of Augusta has no jurisdiction to try this case. This identical language was used in the act of 1937 (Ga. L. 1937, p. 1195), in conferring jurisdiction to try and determine dispossessory-warrant cases in the municipal court of Macon, and this court in *Bloodworth* v. *Edwards*, 69 *Ga. App.* 427 (25 S. E. 2d, 831), stated that such language gave jurisdiction to the municipal court of Macon to try and determine dispossessory-warrant cases. Thus we think, by a parity of reasoning, that the municipal court of the City of Augusta had jurisdiction of the instant case.

■ The court charged the jury as follows: "I charge you that a tenancy at sufferance arises where one becomes in possession of land by lawful title but keeps it afterwards without any title at all. As a simple illustration, it is where A sells to B a particular tract of land and after the transaction A refuses to move

off and stays on the premises. Under those conditions a tenancy at sufferance arises." The defendant contends in special ground 1 that this charge was error in that it was confusing and misleading to the jury and was not a correct statement of the law on the principles involved in this case; and that the charge of the court "that a tenancy at sufferance arises where one becomes in possession of land by lawful title but keeps it afterwards without any title at all," limited the issue to be tried by the jury to finding a lawful title in the defendant before he could defend in this case. Movant contends that he went into possession of the property under contract with the plaintiff's grantor, his mother; that he was to have an estate in the property; and that the illustration complained of given by the court was not a principle of law which would illustrate issues before the court and that such charge was confusing and misleading to the jury, was harmful error and influenced the verdict of the jury. When we consider the charge as a whole we think that the judge makes it clear that if the jury believed from the evidence that the mother sold the land to the purchaser and refused to move off and stayed on the premises she would be a tenant at sufferance; that if the son's possession was not under a claim of title of his own but in subordination of and under a right derived from his mother, for example, a licensee or tenant, he would, after the sale of the property, stand in his mother's "shoes;" and that if he were only a licensee or tenant under such circumstances as claimed by the plaintiff, the son would be only a tenant at sufferance, and upon his refusal to surrender possession when so demanded, he would be only a tenant at sufferance and a dispossessory warrant would be available and the verdict would be authorized for the plaintiff. On the other hand, if the jury believed from the evidence that the defendant went into possession under a contract or agreement that he was to have an estate in the property during his mother's lifetime and at her death to be his property and the property of another child of his mother as contended by the son, they should find for the defendant. We do not think that this ground disclosed reversible error.

■ Special ground 2. After the judge had finished his main charge, he asked counsel if there was any further request to charge. The defendant then presented a request, which was charged, as follows: " "The possession of the defendant was notice to the

plaintiff of his interest in the property, and it was the duty of the plaintiff to make inquiry of the defendant of what interest he had in the property before purchasing it, if he desired to protect himself against defendant's claim. The possession of the defendant was notice to the plaintiff of his interest in the property and the failure of the plaintiff to make inquiry of the defendant of his possession.' Court: 'Is there any further request?' Mr. Lanier: 'If the court is going to charge that, I would like to make a request to charge. The mere fact that a man is in possession, that alone is not sufficient to establish title, and even if you get notice that a man is on there as a tenant, if he still has no title, the mere fact that he was there, or any other way, does not put you on notice of something that does not exist.' Court: ['I charge you, gentlemen of the jury, that the mere fact that the defendant was in possession did not mean that he had title.] Retire, gentlemen, and make up your verdict.'" (Brackets ours.) The defendant contends that the part of the charge enclosed in brackets was in effect a charge to the jury that the possession of the defendant amounted to nothing, whereas possession is notice to the world of whatever rights the possessor has, and that such charge was harmful error and influenced the verdict. We do not think that this ground discloses reversible error.

■ The evidence authorized the verdict, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

### ON MOTION FOR REHEARING.

The defendant, in his motion for rehearing, in ground one thereof contends that it should be granted: "Because the court in passing upon the general grounds, overlooked the fact that there was no proof in the record that the plaintiff gave the notices required by the act of Congress, known as the emergency price control act of 1942, regulating rentals, one before the filing of the dispossessory proceedings, and one of the filing thereof, and therefore the verdict was contrary to the evidence and contrary to law, as decided by this court in the case of *DeRieux* v. *Bower,* 73 *Ga. App.* 160 (35 S. E. 2d, 776); and overlooked the ruling in that case, as follows: (Decided subsequent to the argument of the instant case) 'Therefore, because of the failure of the plaintiff landlord to give to the area rent office the notice required by

the provisions of Section d(1), the verdict in his favor was contrary to law and the evidence, and the overruling of the general grounds of the motion for a new trial was error. As this ruling is controlling and conclusive in the case, the special grounds of the motion are not considered.' It is true this specific question was not argued, but the general ground necessarily encompassed this question." Neither by the pleading, the evidence or otherwise did the defendant claim or in any way mention in the trial court that the locality in which the land in question was situated was designated as a "defense rental area," or that any OPA regulations relative thereto had been promulgated. Even in this court no specific contentions were argued or even mentioned prior to the judgment rendered February 26, 1946, affirming the judgment of the trial court. The first specific contention argued in this court on such question was in the defendant's motion for a rehearing, filed March 4, 1946. We cannot therefore say from the record that a verdict in favor of the plaintiff was contrary to the law and the evidence as contended by the defendant in his motion for a rehearing. The instant case is differentiated from the case of De-Rieux v. Bower, 73 Ga. App. 160 (supra), cited in the motion for a rehearing, in at least one respect. In that case there was evidence that the land in question was in an area designated as being within a "defense rental area," and a "regulation" was referred to by number and otherwise in accordance with the emergency price control act. Here there is nothing to show that the defendant claimed that the land in question was within any area designated as a "defense rental area" under the emergency price control act, nor has there been any regulation referred to in this case even by number until the motion for rehearing heretofore referred to. There is nothing in the instant case to show that the defendant, by pleading, by evidence or otherwise specifically claimed any right under OPA regulations in the trial court. If he expected to assert any supposed right under OPA regulations, then in fairness to the trial court he should have raised the question in that court. Coley v. Westbrook, 206 Ark. 1111 (178 S. W. 2d, 991) ; May v. Lee, 57 Ga. App. 893 (197 S. E. 50). See U. S. v. Lederer, 140 Fed. 2d, 136, 139 (8, 9) ; McKinley v. U. S., 249 U. S. 397 (39 Sup. Ct. 324, 63 L. ed. 668). This and all

627

other matters in the motion having been considered, the motion for rehearing is

*Denied. Broyles, C. J., and Gardner, J., concur.*