32086.  WILLIAMS *v.* DURHAM.

DECIDED NOVEMBER 6, 1948.

*Rupert A. Brown,* for plaintiff in error.
*C. O. Baker,* contra.

GARDNER, J.  (a)  Before the notice to vacate the premises, and demand of possession was given by the plaintiff to the defendant in accordance with the law applicable to tenants at sufferance, the plaintiff wrote the defendant to this effect:  "I am hereby demanding of you for possession of this property since you are only a tenant at sufferance.  In the event that you continue to hold the part that you now live in, you will owe me $15 a month for that time which you continue to live in this property."  Under

the Code, §§ 61-301 and 61-305, if the defendant was a tenant at sufferance, the dispossessory warrant was a proper remedy.

(b) Cooley, 2nd Blackstone, 150 states: "An estate at sufferance is where one comes into possession of land by lawful title but keeps it afterward without any title at all." Our courts have approved this definition, *Smith* v. *Singleton*, 71 *Ga.* 68; *Godfrey* v. *Walker*, 42 *Ga.* 562; *Stanley* v. *Stembridge*, 140 *Ga.* 750 (79 S. E. 842); *Crawford* v. *Crawford*, 139 *Ga.* 394 (77 S. E. 557).. See, in this connection, *Hill* v. *Kitchens*, 39 *Ga. App.* 789 (4, 5, 6) (148 S. E. 754). The evidence authorized, indeed the defendant in effect admits that she entered the premises under her brother, a life tenant, and lived there until he died; that she entered under recognition of his title. She therefore entered with his permission and lawfully. The evidence does not show that she at any time surrendered the possession of the premises and re-entered adversely. It therefore follows and the evidence sustains the view that she was the tenant of her brother, who held a life estate. See, in this connection, *Colvin* v. *Colvin*, 24 *Ga. App.* 630 (101 S. E. 586); *Kimbrough* v. *Kimbrough*, 99 *Ga.* 134 (25 S. E. 176); *May* v. *Lee*, 57 *Ga. App.* 893; *Godfrey* v. *Walker*, supra. See also *Savage* v. *Weeks*, 73 *Ga. App.* 621 (37 S. E. 2d, 549).

(c) The contention of the defendant that the instant case is different on its facts from those we have cited to the effect that in those cases the right of occupancy was derived from an estate in fee rather than from a life-estate tenancy is not well founded. To all intents and purposes as to the question before us, a life estate, it would seem by all processes of reasoning, would stand on the same footing as an estate in fee.

(d) The contention to the effect that the letter which the plaintiff wrote the defendant, an excerpt from which we have set out above to the effect that the defendant would owe the plaintiff $15 per month for the time she occupied the house did not convert a tenancy at sufferance into a tenancy at will. *Hill* v. *Kitchens*, supra, headnote 7. Neither, under the evidence in in this case, was the defendant a licensee and therefore after the death of the life tenant became a trespasser. The jury were authorized to find, from the evidence, that she entered under Dexter Durham. Dexter Durham having a life estate, whatever rights

she had, terminated at his death. He could not have granted to her a longer term of possession than he had himself. There is no evidence whatever that she had any title or claim, or right of possession, permissive or otherwise, than that which she acquired from the life-estate tenancy of her deceased brother, Dexter Durham. And since the evidence sustains the view that the plaintiff did nothing to convert the tenancy at sufferance of the defendant into a tenancy at will, or any other sort of right of possession on the part of the defendant, and since the plaintiff otherwise in every respect made out his case, the evidence sustains the verdict and the court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*