31212.   SIMPSON *v.* BLANCHARD *et al.*

844

W. *George Thomas,* for plaintiff in error.

*George & John L. Westmoreland,* contra.

GARDNER, J.  Counsel for the defendant bases his argument in the form of certain questions under four heads, which he asserts contain the issues. They are:

"(1) Can a tenant-at-will, since the OPA has been in existence, be evicted for creating a nuisance, or is the landlord's remedy by way of claim for damages as provided by Code (1933), § 37-216?

"(2) Is a nuisance being created where a tenant permits another to board with her and the boarder receives guests?

"(3) Is a nuisance being created because one living in an apartment had a complaint registered against her, not by other tenants in the apartment but by a person who lives next door, and that person complained to the landlord?

"(4) Is a nuisance being created just because the tenant makes ordinary noises in coming and going from her apartment, of which the landlord complained?"

(a) The provisions of the OPA act are superimposed on the Georgia law as to eviction of tenants and maximum rent, insofar as the law is applicable to a decision of the question before us. It is a war measure operative in certain areas which are designated

as defense areas. We are not here concerned with the act except as it applies to housing accommodations of the character in the instant case. Also, we are not concerned with its provisions except that portion of which we have quoted above, i.e., section 6 (a) (3) (ii). The great burden of the evidence goes to the issue as to whether the defendant tenant by her conduct placed herself in a position where the superimposed provisions of the OPA regulations withdrew its protection from her. The act provides that all issues arising under the administration of the OPA shall be determined by the local courts under the established local procedure or law. In the instant case the record does not reveal that the tenancy was other than a tenant at will. Indeed, the first phrase of the argument of able counsel for the defendant concedes this when he states, "can a tenant at will . ." Therefore, under the record we may assume that the relation of landlord and tenant is one of a tenancy at will.

(b) Even though the relation be a tenancy at will, under the provisions of the OPA act superimposed upon our State laws, the tenant can be evicted, among other things, if such tenant "is committing or permitting a nuisance or is using or permitting a use of the housing accommodations for an immoral or illegal purpose." The official interpretation of the OPA is this: "Under section 6 (a) (3) (ii) of the rent regulations, the tenant may be evicted, after proper notices have been given . . if he is committing or permitting a nuisance. Whether conduct such as that just described constitutes a nuisance is for the local court to decide, should the landlord file an eviction action based upon section 6 (a) (3) (ii) of the rent regulation. Section 6 (a) (3) (ii) contemplates that a tenant may be evicted, if he is committing or permitting a legal nuisance, and the decision of this issue depends upon the law of the jurisdiction concerned." It will be observed that the interpretation of a private nuisance as defined by the OPA is substantially the same as such a nuisance under the law of our own State, and will be thus generally recognized, so that we deem it unnecessary to cite any State decisions to this effect. As to that question, we think it sufficient to call attention to the titles of our Code on the law as it pertains to nuisances as contained in chapter 72 and the citations contained therein.

(c) As to the 10-days' notice required under the provisions of

the OPA in the case of a tenant committing or permitting a nuisance, this provision is to be interpreted to the effect that no tenant, even though he be guilty of an act which would subject him to be evicted, shall be evicted under a notice of less than 10 days. This section of the OPA act, section 6, reads as follows: "No tenant shall be removed or evicted from housing accommodations by court process or otherwise, unless at least ten days . . prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the area rent office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession." Inasmuch as we have already observed that the provision of the OPA act is to be administered by the local courts under the law and procedure prevailing in the area, the provision as to the 10-days' notice has no effect in the instant case, 60-days' notice required to a tenant at will is more than the 10-days' notice required under the OPA act. To state it differently, where the notice required by the State law is more days than the number of days specified in the OPA act, it becomes immaterial. On the other hand, if the days required under the State law for the eviction of a tenant are less than the number required under the provisions of the OPA act, then the number-of-days' notice required under the OPA act prevails over the State provisions.

(d) We come next to inquire whether the evidence in this case warranted the jury to find that the defendant was committing or permitting a nuisance in the premises in question. The evidence as to this question is conflicting. Much of it is obscene and vulgar. No good purpose could be served by briefing it here. One of the landlords, with his family occupied an apartment in the building, and caused the proceedings to be instituted. He testified regarding the nuisance. Under the evidence the jury were authorized to find that the defendant was committing or permitting a nuisance with reference to the premises in question.

(e) Having reached this conclusion, it necessarily follows, under the provisions of the OPA act, that the defendant forfeited her right to any of the protective provisions thereof. Thus, the superimposed provisions of the OPA act having been removed,

the relation existing between the plaintiffs and the defendant was that of a tenant at will as effectually as if the OPA provisions had never been enacted. The landlord and the tenant stood upon their rights only as prescribed by the State law regarding tenancy at will. In such a situation, the law requires of the landlord that the tenant be given 60-days' notice to surrender the premises, and requires of the tenant 30-days' notice to vacate the premises. We know of no provision in such a situation that requires in the notice or proof any reason why the landlord should desire the possession of the premises, or as to why the tenant desires to vacate it. It must be kept in mind that the issue in this case, as to whether or not the defendant was committing or permitting a nuisance, was for the purpose only of determining whether the defendant had forfeited her rights under the provisions of the OPA act. The effect was not to evict the defendant for committing or permitting a nuisance, but the effect of the issue of nuisance or no nuisance was to determine whether she had forfeited her right to the protection of the OPA act. The effect of the verdict was that she did forfeit such right. When this was established, she was thrown back to rely solely on her rights as a tenant at will. Counsel for the defendant cite the case of *Pritchelt* v. *King,* 56 *Ga. App.* 788 (194 S. E. 44), and the Code, § 37-216, as authority for the defendant's position. That case involved a covenant in the lease, and not a tenancy at will. The Code section deals with equitable construction of contracts. Neither the decision cited nor that section has any application to the facts in the instant case.

We are asked by the plaintiffs to award ten percent damages against the defendant for prosecuting this appeal for delay. Under the facts of this case we decline to grant such request.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*