BERT LEVY, Plaintiff, v. CHESTER LAMPERT, Defendant.

City Court of the City of New York, Special Term, New York County, September 28, 1946.

*Paul H. Reiss* for plaintiff.

*Morris Schwalb* for defendant.

PARELLA, J. Motions numbers 17 and 18 of September 11, 1946, have been consolidated.

The motion to strike out the first and second separate defenses is denied.

The first defense sufficiently alleges a failure by the landlord to register the housing accommodations involved in this suit and to have the maximum rent fixed as required by the applicable regulations of the Office of Price Administration. These regulations absolutely prohibit the recovery of any rent higher than the maximum rent to be so fixed, and it seems to me that the landlord's failure to comply with the said regulations is a good defense to the action. Under such regulations it is specifically provided that " Regardless of any contract, agreement, lease, or other obligation heretofore or hereafter entered into, no person shall demand or receive any rent for or in connection with the use or occupancy on and after November 1, 1943 of any housing accommodations within the Defense-Rental Area higher than the maximum rents provided by this regulation * * *." (Rent Regulation for Housing in New York City Defense-Rental Area, § 2, subd. [a]; 9 Federal Register 10635.) It was incumbent upon the landlord to give heed to those regulations and to do all that was required thereby, that is, to effect registration and to secure fixation of the maximum rent. The court will not aid a landlord to recover who does not file a proper registration statement and who has simply paid no attention to the statute and to the regulations made thereunder by the proper administrative authority.

The second separate defense is also sufficient in law as it is to be fairly inferred from the lease that the landlord may serve the notice referred to therein only if he in good faith " desires said demised premises for his personal use and occupation ". The second defense, therefore, tenders an issue as to the landlord's good faith and as to whether he did not desire the premises for some other purpose than his own use.

The motion to strike out the counterclaim is granted. The counterclaim is not only indefinite but insufficient in law. No maximum rental having been set, there is no basis for any refund. The court can make no assumption one way or the other concerning the maximum rent that would have been established, if proper application had been made to the Office of

Price Administration, with respect to the months for which the defendant did pay rent. It is apparent from the counterclaim as pleaded that defendant is himself unaware of any proper basis therefor, as he does not refer to any specific months or any specific sums. It is apparent at this time that the defendant has no valid counterclaim and therefore no leave will be given to the defendant to plead over with respect to the counterclaim.

The cross motion to dismiss the complaint is denied. Illegality must ordinarily be asserted by him who relies upon it. It was not necessary for the landlord affirmatively to plead compliance with the regulations of the Office of Price Administration. It may be that at the trial the defendant could raise the question of illegality arising from violation of the provisions of the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) and administrative regulations issued pursuant thereto, even though not affirmatively pleaded in the answer — I do not determine this point now — but there is certainly no necessity for an allegation in the complaint of compliance by the landlord with that Federal statute. The cases cited in the defendant's memorandum relating to burden of proof under the Commercial Rent Law (L. 1945, ch. 3, as amd.) of this State and to essential averments of a petition in a summary proceeding are not applicable.