31559. NORGAARD *v.* BELL.

DECIDED MAY 17, 1947.

*W. Owen Slate, Charles W. Bergman,* for plaintiff in error.
*Yantis Mitchell,* contra.

GARDNER, J. W. R. Bell rented a three-room apartment to Mrs. Lorena Norgaard. The premises were located within an area in which the O. P. A. was operative. The landlord obtained a dispossessory warrant against the tenant. The tenant filed a counter-affidavit and bond. The issue thus formed was tried before one

of the judges of the Civil Court of Fulton County, without the intervention of a jury. A judgment was rendered in favor of the landlord. The tenant appealed from this judgment to the Appellate Division of the Civil Court of Fulton County. The appellate division affirmed the judgment of the trial judge. Exception to this last judgment brings the case here.

■ The relationship between the parties was a tenancy at will. Before the taking of testimony the defendant demurred to the sufficiency of the allegations contained in the dispossessory warrant. The allegations in the warrant to which the oral demurrer points are: "The landlord has given a properly stated notice on the ground that the tenant is committing or permitting a nuisance under section 6 (a) (3) (ii) of the rent regulations and would have a right to proceed on dispossessory action to a determination of this issue concerning whether or not the tenant is committing or permitting a nuisance." The demurrer alleges (a) such allegations were indefinite, conjectural and conclusive, in that no acts of specific nuisance were set forth in said affidavit; (b) that the landlord failed to comply with the rules and regulations of the O. P. A. prior to the filing of the dispossessory warrant; (c) that if a nuisance was being committed by the tenant or if she was permitting the same, that no notice had been given the tenant to abate or cure the said nuisance; (d) that the landlord had failed to first procure authorization from the O. P. A. to institute the present action.

The Civil Court of Fulton County both as to the trial judge and as to the appellate division, did not err in overruling the oral demurrer to the sufficiency of the dispossessory warrant proceedings. (a) The allegations in the warrant to the effect that the tenant "is committing or permitting a nuisance" is in language almost identical with the language contained in the O. P. A. Act, section 6 (a) (3) (ii). For further detailed information regarding this section of the act, see the decision of this court in *Simpson* v. *Blanchard, 73 Ga. App.* 843 (38 S. E. 2d, 634).

(b) This ground of the oral demurrer is too vague and general to have merit.

(c) We know of no requirement of law that a landlord should give the tenant notice to cure or abate a nuisance;

(d) We know of no provision of law that would require a land-

lord to get authorization from the O. P. A. to institute a dispossessory warrant. The law requires the landlord to give a tenant and the O. P. A. notice regarding dispossessing a tenant because such tenant is committing or permitting a nuisance. See *Simpson* v. *Blanchard,* supra.

■ After the appeal from the judgment of the trial court to the appellate division and before the appeal was heard, the tenant made a written motion to the appellate division to summarily dismiss the entire dispossessory-warrant proceedings. This motion was allegedly based on the fact that the landlord had, on December 9, 1946, and while the appeal was pending in the Appellate Division of the Civil Court of Fulton County, procured the issuance of a distress warrant in favor of the landlord and against the tenant. And that such distress warrant was for past due rent in the amount of $37.80 which the tenant paid to the marshal of the court and which amount the clerk remitted to the landlord, who accepted the same. The appellate division in due course on the 22d day of January thereafter, denied the motion of the tenant, the summary action for which she prayed, and affirmed the judgment of the trial judge,—this judgment of the appellate division being made on January 22, 1947. The appellate division did not err in refusing to grant the summary relief for which the tenant prayed. In the case of *Allen* v. *Allen,* 154 *Ga.* 581 (6) (115 S. E. 17), the court said: "The acceptance of rent, which had accrued, by the landlord from the tenant, subsequently to the institution of the dispossessory [warrant] proceeding, would not estop the landlord from pressing such proceeding to dispossess the tenant." The cases relied on by counsel for the tenant are not in point. Those cases are: *Plowden* v. *Hall,* 55 *Ga. App.* 321 (190 S. E. 37); *Cunningham* v. *Moore,* 60 *Ga. App.* 850 (5 S. E. 2d, 71); *Hicks* v. *Beecham,* 131 *Ga.* 92 (62 S. E. 45); *Guptill* v. *Macon Stone Supply Company,* 140 *Ga.* 696 (79 S. E. 854, Ann. Cas. 1915 A, 1249).

■ The alleged oral motion for a new trial which was made by the tenant before the trial judge, did not state any grounds on which the motion for a new trial was based. The appellate division correctly held that such a motion for a new trial was insufficient as a matter of law and did not properly present any question to the appellate division as to whether or not the trial judge

erred in overruling the motion. *Columbia Building & Loan Assn.
v. Roberts,* 44 *Ga. App.* 314 (161 S. E. 291).

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*