31671. CARTEY *v.* SWAIN.

DECIDED OCTOBER 8, 1947. ADHERED TO ON REHEARING DECEMBER 18, 1947.

*Shackelford & Shackelford, Fred A. Gillen,* for plaintiff.
*Milner & Stephens,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) Section 6 (d) 1, dated October 15, 1946, defense rental regulation of the Office of Price Administration provides for the giving of written notice at least 10 days prior to the time specified for the surrender of possession and to the commencement of any action for

removal or eviction, said notice to be given to the tenant and to the area rent office, and stating the ground upon which removal or eviction is sought, and the time when the tenant is required to surrender possession. Section 6 (2) provides that a notice in writing shall be given the area rent office at the time of commencement of any action to remove or evict a tenant, said notice stating the title of the case, the number of the case, where possible, the court in which it is filed, the name and address of the tenant and the ground on which removal or eviction is sought.

The two notices herein described are not incompatible or antagonistic to each other, and the giving of both notices is required by law; the first at least 10 days before the beginning of the eviction proceedings, and the latter on the day of the institution of the proceedings. See *DeRieux v. Bower*, 73 *Ga. App.* 160 (35 S. E. 2d, 776).

The brief of counsel for the plaintiff in error discloses that she contends that the failure to comply with O. P. A. regulations in an eviction proceeding, in order to be relied upon as a defense, must be specially pleaded. Code, § 81-307 and *Savage v. Weeks*, 73 *Ga. App.* 621 (37 S. E. 2d, 549), are cited in support of this contention. Section 81-307 of the Code provides as follows: "Under a denial of the allegations in the plaintiff's petition, no other defense is admissible except such as disproves the plaintiff's cause of action; all other matters in satisfaction or avoidance must be specially pleaded." In *Savage v. Weeks*, on motion for rehearing (page 625), it appears that the question of the failure to give the notices required prior to and at the time of the dispossessory proceedings was raised for the first time in the Court of Appeals on the motion for rehearing, and was based upon the ground that there was no proof in the record that the plaintiff gave these notices. On rehearing the court pointed out (page 626) that "There is nothing in the instant case to show that the defendant, by pleading, by evidence or otherwise specifically claimed any right under O. P. A. regulations in the trial court. If he expected to assert any supposed right under O. P. A. regulations, then in fairness to the trial court he should have raised the question in that court."

Here the record discloses the introduction of both regulations, section 6 (d) 1 and section 6 (2) together with the evidence that

the notice provided for in the former was given and that provided for in the latter was not given. This evidence is in the record without objection. Where evidence is admitted without objection, although there be no pleading authorizing it, the losing party is not entitled to a new trial on the ground that the evidence is not supported by the pleadings, if the pleadings could, by amendment, have been made to authorize the evidence. See *Gainesville & Northwestern Railroad* v. *Galloway*, 17 *Ga. App.* 702, *Freeze* v. *White*, 120 *Ga.* 446, *Joseph Liebling Inc.* v. *Tabb & Co.*, 30 *Ga. App.* and *Kiser* v. *Westbrook*, 33 *Ga. App.* 208 (supra).

While such defenses can not be raised for the first time in courts of review (*Savage* v. *Weeks*, supra, *Harrell* v. *Blount*, 112 *Ga.* 711 (2), 38 S. E. 56), yet it is well settled in this State that such issues may be raised by evidence, unobjected to, not supported by the pleadings, but of such materiality as to constitute proper subject-matter of the pleadings. Such evidence, unsupported by the pleadings, is subject to objection until the pleadings are amended to authorize it, and had objections been interposed to this evidence, and no amendment offered or allowed to authorize it, the issue here made by the evidence would not have been in the case.

The evidence being undisputed that the notice provided for in section 6 (2) was not given, the trial court did not err in directing a verdict in favor of the defendant and in entering a judgment in favor of the defendant based thereon.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*

## ON REHEARING

TOWNSEND, J. In the foregoing decision reference is not made to the contentions of the plaintiff in error as disclosed by her amended motion for new trial, because the court considered the same unnecessary to arrive at its conclusion that the question that controlled the determination of the case, rendering the judgment of the trial court—based upon the direction of a verdict for the defendant—without error, was the failure of the plaintiff to give the notice referred to in the foregoing decision and designated as O.P.A. regulation, section 6 (d) (2) within 24 hours after suing out the dispossessory warrant. However, in her mo-

tion for rehearing she contends that this court overlooked her contentions as set up in the amended motion for new trial, to the effect that, since her dispossessory-warrant proceeding was based on an allegation in her affidavit that the tenant was committing or permitting a nuisance on the premises, the evidence upon the trial authorized the jury so to find, and that, in such event, the tenant forfeited her rights to the protective benefits of the provision of the O.P.A. Act. Also that this court overlooked *Simpson* v. *Blanchard,* 73 *Ga. App.* 843 (38 S. E. 2d, 634), and the principles of law set out in headnotes 4 and 5 of said case, as follows: "The evidence authorized the jury to find, under the provisions of the O.P.A. Act, that the tenant was committing or permitting a nuisance on the premises in question." "Where, as here, the evidence authorized the jury to find that the defendant was permitting or committing a nuisance, she forfeited her right to the protective benefit of the provisions of the O.P.A. Act; and she was subject to be evicted as a tenant at will, as though the O.P.A. provisions had never been enacted."

She also insists in her motion for rehearing that this court overlooked the contentions in her amended motion for new trial, to the effect that the evidence at the trial showed the tenant to be a tenant at sufferance, and that as such she was entitled to no notice to quit. Also that the court overlooked *Willis* v. *Harrell,* 118 *Ga.* 906 (45 S. E. 794), and the principles of law laid down in headnotes 4 and 5 of that case, as follows: "A tenant by the month whose term ends with the calendar year is, after the expiration of his term, a tenant at sufferance, and continues as such until there has been some affirmative action by the landlord which has the effect of converting the tenancy into some other form." "A tenant at sufferance is not entitled to notice to quit."

In *DeRieux* v. *Bower,* supra, this court held that the giving of both the notices provided for in O.P.A. section 6 (d) (1) and in section 6 (d) (2), referred to in the foregoing decision, is required. In line with the contentions of the plaintiff in error, we will now determine whether or not a case for eviction wherein the tenant is charged with permitting or committing a nuisance on the premises constitutes an exception to this rule.

The protective benefits of the O.P.A. Act, which the tenant forfeits under the nuisance provision, must not be confused with

the ministerial provisions of the act and the rules promulgated thereunder which are intended to be for the benefit of society as a whole and for the benefit of the proper authorities as an aid to them in the administration and enforcement thereof. For instance, one of the benefits of the act to the tenant is that of not being put out of the premises by the landlord so long as the stipulated rent is paid and the tenant permits or commits no nuisance and does not use or permit the use of the premises for illegal or immoral purposes, even though the lease may have expired. Such a benefit may be waived by the nonpayment of rent. It may be waived by the tenant's use of the premises for illegal or immoral purposes. It may be waived because the tenant permits or commits a nuisance on the premises. On the other hand, the notices referred to herein are not benefits of the tenant, and such conduct on the part of the tenant does not work a cancellation of the requirements. Section 6 of Rent Regulations and Designations under the Emergency Price Control Act, 1942, as amended, deals with the subject, "Removal of Tenants." Section 6 (a) (3) contains the nuisance provision. It will be noted that section 6 (d) (1), quoted in the foregoing decision, states: "Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground *under this section* (italics ours) upon which the landlord relies for removal or eviction of the tenant," etc.; also that section 6 (d) (2), quoted in the foregoing decision, providing for the notice not given in the instant case, states, "At the time of commencing *any* action to remove or evict a tenant, including an action based upon nonpayment of rent, the landlord shall give written notice thereof," etc. (italics ours.) Hence it is seen that both notices provided for are contained in the *same section* of the rent regulations as the nuisance provision, and construing all the provisions of said section together, they not being repugnant to each other, it appears that the notices provided for are required in cases based on the commission of a nuisance as well as where the eviction is sought upon other grounds. In Epstein *v.* Brook, 23 N. J. Misc. 267 (43 Atl. 2d, 782), it is said: "Purposes of rent regulations requiring landlord to give area rent office a copy of notice of eviction given tenant, and requiring a notice to area rent office at time of commencing an action to re-

move a tenant, are ministerial to bring home notice to area rent office of pendency of controversy." E. Chestnut Corp. *v.* Murphy, 325 Ill. App. 407 (60 N. E. 2d, 450), says of section 6 (d) (2): "The regulation contemplates that during the present emergency the landlord shall give notice to the rent area office at the time of commencing action in forcible detainer so as to enable that office to effectually aid in the enforcement of the act. The regulation is binding on the tenant as well as the landlord. The tenant is not permitted to waive the giving of the notice. The requirement that the notice be given is undoubtedly one of the most important provisions of the regulation."

This court in considering this case did not overlook the principle of law laid down in headnotes 4 and 5 of *Simpson* v. *Blanchard,* supra. While the evidence in the instant case, as in the *Simpson* case, authorized the jury to find that the tenant was committing or permitting a nuisance, the required notices were not and are not regarded as benefits to the tenant which may be forfeited. It will be noted that in division 4 (b), page 845, of *Simpson* v. *Blanchard,* supra, the following is held: "Under section 6 (a) (3) (ii) of the rent regulations, the tenant may be evicted, *after proper notices have been given* (italics ours) . . if he is committing or permitting a nuisance." In *Norgaard* v. *Bell,* 75 *Ga. App.* 183 (42 S. E. 2d, 788), the following is held: "The law requires the landlord to give a tenant and the O.P.A. notice regarding dispossessing a tenant because such tenant is committing or permitting a nuisance."

This court did not overlook and now fully recognizes the distinction between tenancies at will and tenancies at sufferance. For this distinction, see *Byrne* v. *Bearden,* 27 *Ga. App.* 149 (107 S. E. 782); *Willis* v. *Harrell,* supra; *Metzer* v. *Connally Realty Co.,* 75 *Ga. App.* 274 (43 S. E. 2d, 169), and *Williams* v. *Gassaway,* 75 *Ga. App.* 692 (44 S. E. 2d, 70), the latter two being cases recently decided by this court. While under the Georgia law a tenant at sufferance is not entitled to notice to quit, it is not necessary to determine in this case whether the tenancy was one at will or one at sufferance, since the provisions of the Office of Price Administration acts are superimposed on the Georgia Laws as to the eviction of tenants (*Simpson* v. *Blanchard,* supra),

and since in either event the notices referred to herein as section 6 (d) (1) and 6 (d) (2) are required.

*Judgment adhered to.    MacIntyre, P. J., and Gardner, J., concur.*