HILDA PROY, Landlord, v. MARGARET A. BOYD, Tenant.

MARGARET A. BOYD, Plaintiff, v. HILDA PROY, Defendant.

City Court of New Rochelle, January 22, 1948.

*Samuel J. Kalmanson* for landlord.

*Edward A. Kennedy* for tenant.

Rubin, J.   The summary proceeding above entitled was instituted for nonpayment of rent for dwelling premises at 5 Lafayette Street, New Rochelle.   The tenant answered by pleading a general denial, except for an admission of the relation of landlord and tenant, affirmatively pleading payment and by asserting a counterclaim for treble damages by reason of the alleged exaction by the landlord of excessive rents under the Emergency Price Control Act of 1942 (U. S. Code, tit. 50, Appendix, § 901 *et seq.*) and the Housing and Rent Act of 1947 (U. S. Code, tit. 50, Appendix, § 1881 *et seq.*).   The tenant, as plaintiff, thereupon brought the above-entitled action against the landlord as defendant, the allegations of the complaint being substantially the same as the counterclaim pleaded in the summary proceeding. The amended answer to the complaint is in the form of a general denial.

On motions made by the respective parties preliminary to trial, the counterclaim was stricken by reason of the pendency of the action, and the proceeding and the action were ordered consolidated and were so tried.

Upon the trial it was stipulated that the tenant had surrendered possession to the landlord and that the plaintiff-tenant was indebted to the defendant-landlord in the sum of $130, representing 13 weeks rent at $10 weekly.   This sum was to be applied as an offset in the event of the allowance of any recovery to the tenant.

The tenancy commenced May 1, 1946, and admittedly from that date down to September 15, 1947, the landlord has been exacting and receiving $60 monthly for the demised premises. There is also no dispute in the record that for the period from May 1, 1946, to July 1, 1947, the landlord was violating the provisions of the Emergency Price Control Act of 1942 in not having registered these premises.   That violation subjected the landlord to the penalties provided by the statute, but it does not alter the fact that for the period May 1, 1946, to July 1, 1947, there was no determination by any administrative body of the lawful maximum rent for the demised premises, nor was there any rent agreement in effect with respect to the premises on the rent date for this area, namely, August 1, 1944, which could serve as a basis for a finding of maximum lawful rent. Nor was there any independent proof offered on the trial by the tenant as to the fair and reasonable value of the premises

on August 1, 1944, or on May 1, 1946, when the tenancy actually commenced.

In order to maintain an action for treble damages under the statute, the amount of the unlawful overcharge may not be guessed at, but must be based upon a lawful determination of maximum rent. (*Levy* v. *Lampert,* 188 Misc. 448; *Phillips* v. *Fi-Pen-Wen Realty Corp.,* 63 N. Y. S. 2d 442.)

Upon the trial there was received in evidence a form D-35 of the Office of Rent Control, known as an Order Allowing Maximum Rents, issued October 20, 1947, and declared by its terms to be retroactive to July 1, 1947, declaring that there should be an adjustment of lawful rent of this property from $60 per month to $10 per week " on the grounds stated in Section 5-C-1 of the Rent Regulations ". This actually was not an adjustment of rents, but represented the first and only administrative determination as to the maximum lawful rent of the premises. Following the conclusion of the trial, the Rent Division undertook to correct this technical error by issuing an Order Determining Maximum Rent, dated December 3, 1947, again fixing it at $10 per week and again declaring the same to be retroactive to July 1, 1947. By motion, the tenant sought to have the record reopened and the new directive marked in evidence to supersede the exhibit previously marked.

As the court sees it, it is unimportant whether the new or old directive applies. For the purpose of the record, the motion is denied. Either directive fixes a maximum lawful rent only for the period commencing July 1, 1947, and any allowance of damage must be predicated upon that fact and limited to the period commencing July 1, 1947. For, as has been said, the court may not speculate on the question of damages.

We have then this situation: from July 1, 1947, to September 15, 1947, the landlord exacted and received $60 per month, or a total of $150. The lawful rent for this period was $10 per week for 11 weeks, or a total of $110. There was an overcharge of $40. This court finds that that overcharge, under all the circumstances, was a willful one; and, accordingly, the tenant is entitled to treble damages, or $120. In addition, the tenant under the statute is entitled to a reasonable counsel fee which, under all the circumstances, this court fixes at $100; so that the tenant, as plaintiff in her action, is entitled to recover from the defendant-landlord $220. As against this sum the landlord, by stipulation, is entitled to a setoff, as above mentioned, of $130.

Let judgment accordingly be entered in favor of the plaintiff and against the defendant in the above-entitled action in the sum of $90.