31869.  PACE *v.* RADCLIFF MEMORIAL PRESBYTERIAN CHURCH INC.

DECIDED APRIL 10, 1948.

*Walter A. Sims,* for plaintiff in error.

*Kobak, Levy & Buffington,* contra.

GARDNER, J. 1. (*a*) The reason we have set out the evidence so fully is in order to discuss more clearly the issues. The evidence impresses us that only one notice was given by the landlord to the tenant. This notice was on March 11, 1947, and the two months' period allowed the tenant under the law of this State as a tenant at will was to begin on March 22, and terminate on May 22 following. Evidently the landlord was at that time under the impression that the tenant could be evicted after May 22. But as counsel for the landlord further inquired into the question, it is apparent that he came to realize that, where the owner of property desires possession of it for his own occupancy, the O. P. A. regulation in existence at that time, required 90 days' notice prior to eviction. Then it was that the landlord procured from the O. P. A. on May 6, 1947, an order authorizing the landlord to proceed with eviction proceedings to repossess the premises for its own use. It will be noted that this order was dated May 6, 1947. It will be further noted that it provided that the eviction proceedings could not be instituted earlier than 90 days from April 21, 1947. This order further provides: "Notice to Tenant: This form does not order you to move. The issuance of this certificate does not effect your rights at local law under present rental agreement." There is not a word of evidence in the record that this notice was ever served on the tenant.

(*b*) It is conceded by counsel for the landlord that, were it not for the 90 days' notice required under O. P. A. regulations, in a case of this sort, the acceptance of the rent after May 22, 1947, would have created a new tenancy at will, and that before

the landlord could evict it would be necessary under the law to give a new 60 days' notice of intention to evict. This is for the reason that the acceptance of rent after the termination of the 60 days' notice is a waiver and invalidates the 60 days' notice required under the law. So also, the acceptance of the rent for July would work the same result. It therefore follows that by accepting rent for June and July, the tenancy at will, under the State law, was extended for those periods. Under this record it is not shown that any notice was given for the beginning or the termination of the 90 days' period covered by the O. P. A. regulations.. The only definite notice given, so far as this record shows, was on March 11, 1947, to cover a two months' period from March 22, 1947, to May 22, 1947. We do not understand why the O. P. A. authorization, which was dated on May 6, 1947, was retroactive to April 21, 1947. Certain it is that the record does not reveal any notice whatsoever to the tenant that he would be evicted after the expiration of 90 days from April 21, 1947. It therefore follows that the 90 days' notice, as required under the O. P. A. regulations, effective and in operation on March 11, 1947, and May 6, 1947, was not complied with.

To sustain the contention of the landlord, its counsel cites *Simpson* v. *Blanchard*, 73 *Ga. App.* 843 (3) (38 S. E. 2d, 634). That decision is not authority to sustain the kind of notice here revealed by the evidence. As somewhat on the question before us, see *Mattox* v. *Chapman*, 67 *Ga. App.* 467 (20 S. E. 2d, 859) ; *Harrell* v. *Souter*, 27 Ga. *App.* 531 (109 S. E. 301). Also, in *Willis* v. *Harrell*, 118 *Ga.* 906, 909 (45 S. E. 794), the court said: "It takes very little to convert a tenancy at sufferance into a tenancy at will. Receipt of rent, demand for rent, or anything that indicates the permission of the landlord for the tenant to remain in possession, will have this effect." The court there, it is true, was dealing with the difference between a tenancy at sufferance and a tenancy at will. We are sure, however, that the principle applies also to a situation where, as here, the landlord had given a definite date for termination of a tenancy at will and·thereafter accepted rent, and the landlord thereby renewed the tenancy at will, nothing more appearing. And thereafter, in order to proceed under 2 months' notice of the State's statute or the 90 days' notice under the O. P. A. regulations, another notice is

required by law for a definite date of termination under either the State law or the provisions of the O. P. A. regulations. The evidence shows that the rent was paid or duly tendered and refused.

Under a situation as revealed by this record, we are reluctant to disturb the judgment of the court below, but feel that under the law we are constrained to do so.

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*