32510.  HAMEL *et al. v.* ELLIOTT.

DECIDED JULY 13, 1949.

*M. L. Kahn*, for plaintiff in error.

*E. H. Stanford*, contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ One assignment of error is that the judgment of the court is contrary to the law and the evidence. The verdict of the jury was supported by evidence, that the maximum rent on the premises in question for the 12 months' period preceding the filing of the suit was $25 per month, and that the rent paid for that period was $28.75 per month. The jury was authorized to find the overcharge to be $45. The evidence also authorized the jury to find that the overcharge was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. The evidence also authorized the jury to find that the plaintiff abandoned the premises two months before the lease expired; that the defendant moved into the premises one month before the lease expired, and that thereby the defendants lost one month's rent of $25 as the result of this breach of the lease contract on the part of the plaintiff. The jury was authorized to find, therefore, that the overcharge of $45 was subject to the credit of $25. It follows that the net verdict for $20 in favor of the plaintiff was authorized by the evidence. This assignment of error is without merit.

■ The defendants contend that the trial court erred in ad-

mitting in evidence a paper designated as the registration of the rent ceiling, over the objection that the same was not an authenticated copy.

Assuming, but not deciding, that the introduction of the paper was error for the purpose of showing that the ceiling rental of the premises during the period of time involved was $25, the evidence otherwise demanded a finding that said sum was the ceiling, and this fact was admitted by the defendant, Mrs. A. Hamel. If the introduction of this documentary evidence was error, it was therefore harmless. See many cases cited under Code (Ann.) § 70-203, catchwords "Harmless error."

■ ■ The defendants also contend that the trial court erred in refusing the grant of a nonsuit on motion made by the defendants' attorney on the ground that the plaintiff admitted executing the lease which was offered in evidence. It is contended that the effect of this ruling was a holding on the part of the trial court that the lease was void. Whatever the effect of the failure to grant the nonsuit may have been, error cannot be assigned thereon in a motion for a new trial. See *Hartsfield Co.* v. *Kitchens*, 51 *Ga. App.* 154 (supra). Such defect can be taken advantage of by direct bill of exceptions. See *DeLoach* v. *Hicks*, 54 *Ga. App.* 405 (supra). This is a case wherein this court has on review the judgment of the Appellate Division of the Civil Court of Fulton County, denying the appeal of the defendants from the judgment of the trial court overruling the motion for a new trial. The assignment of error is without merit.

■ The defendants also contend in the same assignment that the trial court erred in charging the jury as follows: "This lease, executed on July 1st, would not be taking effect after July 1st." It is contended that this charge amounted to instructions to the jury that the lease was void. Section 204 (b) of the Housing and Rent Control Act of 1947, authorizes an increase above the maximum ceiling rents of 15 percent "in any case in which a landlord and tenant, on or before December 31, 1947, voluntarily enter into a valid written lease in good faith with respect to any housing accommodations for which a maximum rent is in effect under this section, and such lease takes effect after the effective date of the Title and expires on or after December 31, 1948, and if a true and duly executed copy of such lease is filed, within fif-

teen days after the date of execution of such lease, with the Housing Expediter."

Section 212 of the act provides that "This Title shall become effective on the first day of the first calendar month following the month in which this act is enacted." The act was approved June 30, 1947. It went into effect on July 1, 1947, which is the same day the lease went into effect. Where in the foregoing quoted portion of the act it is provided that the lease shall take effect *after* the effective date of the Title, it was the manifest intention of Congress to provide thereby against any already executed lease taking effect *before* the passage of the act. In the passage of this part of the Federal Housing and Rent Act, Congress offered an incentive to landlords and tenants to stabilize by lease during a period of uncertainty the housing of the tenant and the occupancy of the premises of the landlord; but to guard against encouraging and approving rentals above ceiling, carefully made provision whereby no lease executed prior to the passage of the Title would be effective, and in this connection the word "after" is used in the act. There is no doubt but that Congress intended that upon the act becoming effective all leases thereafter executed would become effective whether executed on the same date as the effective date of the act or subsequently thereto. The lease was therefore effectual and would have had the effect of authorizing the 15 percent increase above the maximum rental of the premises in question had it been filed with the Housing Expediter as required by the foregoing quoted provision of the statute. However, since it was not so filed, the lease is ineffectual for the purpose of authorizing the increased rental, although of full force and effect for other purposes. The provision of the statute requiring its filing with the Housing Expediter is mandatory and 15 percent above the maximum rental cannot be charged where the same has not been complied with. The purpose of this provision of the statute is to keep the Expediter informed as to all rentals within his jurisdiction on which higher than the ceiling price is being lawfully charged by virtue of such leases, which information would reasonably be expected to enable him more effectually to enforce the law. The legal intendment of this provision as to its purpose is somewhat akin to that originally required under section 6 (d) (2) of the Rent

Regulations and Designations under the Emergency Price Control Act as amended, providing for notice to the Office of Price Administration before commencing any action to remove or evict a tenant. As to the purpose of that notice, see Epstein *v.* Brook, 23 N. J. Misc. 267 (43 Atl. 2d, 782), wherein it is held that the purposes of rent regulations requiring a landlord to give area rent office a copy of notice of eviction given tenant, and requiring a notice to area rent office at time of commencing an action to remove a tenant, are ministerial to bring home notice to area rent office of pendency of controversy. See also East Chestnut Street Corp. *v.* Murphy, 325 Ill. App. 392 (60 N. E. 2d, 450), commenting on said section 6 (d) (2) as follows: "The regulation contemplates that during the present emergency the landlord shall give notice to the rent area office at the time of commencing action in forcible detainer so as to enable that office to effectually aid in the enforcement of the act. The regulation is binding on the tenant as well as the landlord. The tenant is not permitted to waive the giving of the notice. The requirement that the notice be given is undoubtedly one of the most important provisions of the regulation." See also *DeRieux* v. *Bower,* 73 *Ga. App.* 160 (35 S. E. 2d, 776), and *Cartey* v. *Swain,* 76 *Ga. App.* 320, 327 (45 S. E. 2d, 822).

Although the charge of the court was error, it was harmless in view of the fact that the lease, for the reason hereinbefore set forth, rather than the one contained in the charge of the court, was ineffectual for the purpose of increasing by 15 percent the maximum rental of the property in question.

This assignment of error is without merit.

■ The defendants contend that the trial court erred in awarding attorney's fees. They contend that attorney's fees are not recoverable where the defendant successfully carries the burden of showing that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. In that connection, section 205 of the act provides in part as follows: "Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court,

*plus liquidated damages* in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: *Provided, That the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation."* (Italics ours.)

An examination of the foregoing quoted portion of section 205 discloses that, upon demanding, accepting, or receiving rent in excess of the maximum, the offender is first liable for attorney's fees and costs. Then added to that are certain liquidated damages. The liquidated damages may be reduced by the defendant by introducing evidence and carrying the burden of proof to show that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. Here the defendants did that. The verdict of the jury conclusively shows that they found that the overcharge was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation, the verdict being only for the overcharge. Thus the defendants reduced their liquidated damages to the actual overcharge, but this did not affect their liability for attorney's fees and costs. The attorney's fees of $20, based on a $20 judgment, are authorized by law and do not amount to an abuse of the discretion of the trial court. See Proy *v.* Boyd, 190 Misc. 806 (76 N. Y. Supp. 2d, 287). This assignment of error is without merit.

The judgment of the Appellate Division of the Civil Court of Fulton County denying the appeal is without reversible error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*