## 34088. Johnson v. Morris.

Gardner, P.J. This is a case arising under the provisions of the Housing and Rent Act of 1947 as amended. Perry M. Morris, defendant in error here (whom we shall call the plaintiff) filed suit against Mrs. Ida W. Johnson, plaintiff in error (whom we shall call the defendant). The petition briefly and substantially so far as is necessary for a determination of the issues here involved, alleged that, on or about April 1, 1951, the plaintiff rented housing accommodations from the defendant; that the accommodations had been recently acquired by the defendant; that it was the desire of the plaintiff to rent the accommodations, known as Apartment number A-1 of the apartment building, instead of renewing his lease to apartment number C-2 of the same apartment building; that the defendant, as she had a right to do, desired to rent apartment number A-1 furnished; that the plaintiff desired to rent it unfurnished; that the rent of the accommodations desired by the plaintiff on an unfurnished basis was $46.35 per month; that on a furnished basis the same apartment rented for $66.35 per month; that the plaintiff and the defendant negotiated between themselves regarding apartment A-1, and after negotiations, presumably, construing the allegations of the petition most strongly against the plaintiff, with the office of the proper Housing and Rent Act authorities, an agreement was reached and a writing to that effect entered into between the plaintiff and the defendant, so that the defendant rented to the plaintiff the accommodations in question known as apartment A-1; that the plaintiff moved into the accommodations, and the defendant, who was at the time occupying apartment A-1, moved out; that the plaintiff tenant began to pay, and the defendant landlord began to receive the $66.35 per month for the accommodations. This situation continued for a year and the tenant moved from the accommodations. After he moved he instituted this action, seeking to recover the difference between the price of the accommodations furnished and unfurnished. The defendant filed a general demurrer to the petition.

The court overruled this general demurrer. The defendant filed exceptions pendente lite thereto, and assigns error thereon in the bill of exceptions to this court. The case was submitted to a judge of the Civil Court of Fulton County without the intervention of a jury, and a finding in favor of the tenant for $140 principal and $60 costs was returned. The defendant likewise assigns error in the bill of exceptions here on the judgment overruling the motion for a new trial. *Held:*

In our opinion, when we construe the petition most strongly against the plaintiff, the ruling on the demurrer decides the issue here. It is elementary that the Housing and Rent Act was a war measure passed by Congress superimposed on our State laws including procedure. *Simpson* v. *Blanchard*, 73 *Ga. App.* 843 (38 S. E. 2d, 634). The Housing and Rent Acts are extensive in scope both as to maximum and minimum rent which may be charged in certain areas. Not only is this true, but such acts were extensive and complete as to the procedure to be followed in all disputes arising between the landlord and the tenant as to housing accommodations rented in controlled areas. The only jurisdiction vested in the State and territorial trial courts was the violation of final orders of the Housing and Rent Act authorities, except where the housing accommodations were used for illegal purposes. The Housing and Rent Act of 1947, as amended by the act of 1951, provides in sections 146, 147, and 148: "Section 146: The landlord shall, until the accommodations become vacant, maintain the minimum services, furniture, furnishings and equipment as required under section 76 unless and until he has filed a petition to decrease his services, furniture, furnishings or equipment, and an order permitting a decrease has been entered thereon. When the accommodations become vacant, then the landlord may, on renting to a new tenant, decrease the services, furniture, furnishings or equipment below the minimum; within ten days after so renting the landlord shall file a written report with the Area Rent Director showing such decrease. Section 147: The order on any petition under section 146 may require an appropriate adjustment in the maximum rent; and any maximum rent for which a report is required by section 146 may be decreased in accordance with the provisions of section 159. Section 148: If the landlord fails to file the report required by section 146 within the time specified, or decreases the services, furniture, furnishings, or equipment without an order authorizing such decrease where such order is required, the rent received by the landlord for any rental period commencing on or after such decrease, or April 1, 1948, whichever is the later, shall be received subject to refund to the tenant of any amount in excess of the maximum rent which may later be fixed by an order decreasing the maximum rent on account of such decrease in services, furniture, furnishings, or equipment. Such amount shall be refunded to the tenant within thirty days after the date of issuance of the order unless the refund is stayed in accordance with the provisions of Rent Procedure Regulation 2. If the director finds that the landlord was not at fault in failing to comply with section 146, the order may relieve the landlord of the duty to refund." It is clear beyond peradventure that, under the Housing and Rent Acts as applied to the rental of accommodations, in a situation such as here, application should have been made first to

the proper office of the Housing and Rent Act authority. The petition does not allege that any adjustment between the parties to the instant case was sought through such authorities. It was never the intention of the Housing and Rent Act to require or permit the State courts to first delve into and decide such issues as are contained in the plaintiff's petition here. The only rent approved by the Housing and Rent Act authorities, according to the allegations of the petition, was $66.35 per month. The landlord was entitled to collect this until and unless the tenant sought and obtained a final order from the Housing and Rent Act authorities to reduce the rent. In taking jurisdiction of this case, the trial court has intercepted the administrative function of the Housing and Rent Act authorities. It has sought to go behind the mere rental agreement approved by the authorities without any final order from the Housing and Rent Act authorities reducing the rent. The plaintiff could have followed the proper procedure under the Housing and Rent Act by appealing to the Housing and Rent Act authorities; and those authorities, after hearing the facts, could determine that the services which the landlord was to furnish and allegedly did not furnish under the rental contract approved by the Housing and Rent Act authorities, if the facts warranted it, and could have had the rent reduced if justified, and the Housing and Rent Act authorities could have issued an order requiring the refund of the amount of rent collected over and above that amount of the alleged deficiency in the services furnished by the landlord. This order could even go to the extent of being retroactive. The court erred in not sustaining the demurrer to the plaintiff's petition and dismissing the same.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED JULY 3, 1952—REHEARING DENIED JULY 16, 1952.

*L. D. Burns Jr., James L. Flemister*, for plaintiff in error.
*Baron H. Asher Jr.*, contra.